MATHEWS, Justice.
- This is an appeal from a .final decree foreclosing a chattel mortgage upon parts of , an . air conditioning-, system, together with other items.
To the bill of complaint the appellant filed an answer denying-that the mortgagee had any lien on the air conditioning equipment. The 'lease contained the following provisions:
“32. To secure - and assure -the prompt payment- of rent and all sums due hereunder, ' and the strict arid faithful performance and observance of all and singular .the agreements,’ covenants, and conditions of this lease on the part of the: Tenant, the said Tenant does hereby mortgage, pledge, transfer, assign, set over,-convey and deliver to the Landlord all the Tenant’s fixtures, signs, equipment, stocks of merchandise and all personal property now or hereafter upon the demised premises. All trade fixtures shall remain the property of the Tenant or the Tenant’s assigns and subtenants as the case may be, so long as there is no default under this lease, be removed by the Tenant or his assigns or subtenants during or at the expiration of the lease (but not thereafter) provided that such removal shall be made without damage or injury to the premises.
* * *' * * *
“37. Any improvements or additions (except trade fixtures) made to said demised premises by Tenant, shall become part and parcel thereof without cost or expense to said Landlord, and, at the termination of this lease shall be delivered up and surrendered to said Landlord in good order, repair and condition.' “
* * . * * * *
"40. Anything in this lease agreement to the contrary notwithstanding it is .expressly understood that said Tenant shall, at his, sole cost and expense and without any cost of expense, directly or indirectly, on the part of the Landlord, provide and operate modern and up-to-date air conditioning equipment in said demised premises and that said Teriant shall, at his sole cost and. expense, and without any cost or expense, directly or indirectly! on the part of the Landlord install and'1 cause to be constructed the store fronts to said demised premises pursuant to plans first submitted to and approved by Landlord and. that the layout of equipment and fixtures for the interior of said demised premises to be provided by and at the expense of said Tenant shall be.subject to the approval of said Landlord.”
Testimony was taken before a General Master. It- ■ appears fr.om the pleadings and the testimony that the lessee was occupying the premises at the time the lease was entered into' and the identical air conditioning equipment involved in this suit was already in the building. It was remov *210 ed by the lessee, repaired and re-conditioned, and then re-installed ■ in the building and without any damage of any kind to the building.
After the new lease was executed and the lessee was occupying the premises, he got into financial difficulties and executed the chattel mortgage in question. The lessee-mortgagor caused to be inserted in the mortgage as a part of 'the property mortgaged for security of the debt the air conditioning condensers, motors and compressors, which were housed in the basement of the building. The sole question presented for our determination is whether or not the air conditioning condensers, motors and compressors constituted trade fixtures and did not become a part of the realty, as found by the Chancellor, or were not trade equipment or fixtures and, therefore, became a part of the freehold and were not subject to the lien of the mortgage, as found by the General Master.
Part of the testimony in this' case shows that in connection with the new lease some remodeling was done on the building and it was at this time that the tenant or the lessee had the property in question completely overhauled at his own expense and re-installed in the same location and without doing any damage to the property. It further appears that the landlord closed the business by a distress proceeding and in this proceeding the landlord received all rents to which it was entitled. The mortgagee then brought this suit to foreclose the mortgage which included the trade fixtures in the building after the landlord’s distress sale.
The General Master found as follows:
“I am of the opinion and so find that the two compressors, the motor, and the stand on which they are placed in the basement of the premises formerly occupied by the Southland Restaurant can be dissembled and removed from the premises without damage to the premises; * * * ”
In passing upon the exceptions of the plaintiff to the General Master’s findings, .conclusipns and recommendations, the Chancellor said:
“The testimony shows that the compressors, motor and condensor are not attached to the freehold and may be removed without substantial damage to same. * * * ”
It will, therefore, be observed that there is no material difference between the findings of fact of the General Master and the Chancellor with reference to the property in question.
The General .Master-, after having found that the compressors, motor and the stand on which they were placed can be dismantled and removed from the premises without any. damage to the premises, then found that the property in question did not constitute trade equipment or fixtures and that the same became a part of the realty and did not become subject to the lien of the mortgage. Exceptions were filed to this part of the General Master’s Report and the Chancellor sustained the exception, finding that the property in Question did constitute trade equipment or fixtures and was subject to the lien of the mortgage.
In view of the fact that the findings of the General Master and the Chancellor were the same on the material questions of fact but that1 their conclusions were different is due to a misapplication of the law on the part of the General Master.
The Master in justifying his conclusion places considerable importance on the provision of the lease that the landlord required the installation of the air conditioning system in the same paragraph in which the installation of the front of the building was required'and then reasons that because the landlord required that plans for the air conditioning be submitted for approval and “that the layout of equipment and fixtures for the interior of said demised premises to be provided by and at the expense of said Tenant shall be subject to the 'approval of said Landlord” made the fixtures become a part of the realty. It is more reasonable to interpret the lease as requiring that these *211 things be done at the expense of the tenant and submitted to the landlord for approval to be because the landlord desired to eliminate any question or doubt as to which one should pay the cost of the remodeling and that such remodeling would not damage the realty.
The articles in question were .removed, repaired and re-installed without being attached to the realty in any manner whatsoever and without doing any damage to the freehold. The same rule which applied to a heating system also applies to air conditioning. In 22 Am.Jur., Fixtures, Sec..55, the author states:
“In determining whether a heating apparatus installed by a tenant is a fixture, a more liberal rule is applied in favor of the tenant than is applied between grantor and grantee, or mortgagor and mortgagee, and generally, the tenant is permitted to remove such apparatus. Where, however, the heating apparatus is so attached to the realty by the tenant that it cannot be removed without injury to the realty, such apparatus becomes a fixture.”
In 22 Am.Jur., Fixtures, Sec. 57, the author states: ¡ • ‘
“ * ' * * Where the refrigerator may be moved without material injury to the building) and the parties intend-that it shall-' retain its character as personalty, it does not become a fixture.”
In 22 Am.Jur., Fixtures, Sec. 58, the author states: ■ .. -
“ * * * Electric fans installed in a place of business by the lessee thereof are ordinarily to be regarded as being nothing more than mere trade fixtures. * * * ”
The decree of the Chancellor should be, and the same is hereby, affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.