HENDRY, Judge.
This is an appeal from a judgment in favor of plaintiff in a replevin action against the defendants.,
The plaintiff-appellee’s assignor installed a central air conditioning system in the home of Mr. 'and Mrs. Gutierrez. The Gutierrezes executed a conditional sales contract in favor of appellee’s assignor which was duly recorded. This contract contained the following relevant provision:
“The merchandise furnished by the seller hereunder shall remain personal property and retain its character as such no matter whether on permanent foundation or in what manner affixed or attached to any building or structure, or what may be the consequences of its being disturbed on such foundation, building or structure, or for what purpose the merchandise may be used. Title to the merchandise furnished hereunder shall remain in the seller and shall not pass to the buyer until the entire purchase price thereof shall be fully paid in cash.”
The home in which this air conditioning equipment was installed was previously encumbered by a purchase money mortgage. The appellants-mortgagees obtained this home, with the air conditioning equipment, upon foreclosure of their mortgage.
The appellee instituted the present action in the civil court of record, subsequent to the foreclosure, seeking to replevin the air conditioning equipment or in the alternative the sum of $1,000 as the reasonable value thereof. After trial, without a jury, the court entered judgment in appellee’s favor requiring appellants to pay $1,000 representing the reasonable value of the property or in the alternative, return the air conditioning equipment.
From the record, it is apparent that the trial judge thought that this air conditioning unit was a fixture, (Although he made no specific finding.) but that the contract provision constituting it as personalty was binding on the mortgagee of the property in which it was installed. The trial judge treated the property as personalty because of the above quoted contract provision between the vendor and conditional vendee. He further concluded that the mortgagee was also bound by this agreement. We can not agree with this conclusion.
In Burbridge v. Therrell, 110 Fla. 6, 148 So. 204 (1933), the Supreme Court specifically held that the mortgagee shall not be bound by an agreement, relating to the character of property as personalty, between the mortgagor in possession and a third party, *259 unless the mortgagee consents.[1] It is not enough that the mortgagee have knowledge of the contract, he must consent to the retention of the specific property as personalty. There is nothing in the record on appeal to indicate that the necessary mortgagee’s consent was obtained. The lack of this showing is fatal to appellees having this property treated as personalty by virtue of the conditional sales contract.
The judgment awarded appellee possession of the property or in the alternative, $1,000. There is nothing in the record to support this figure as representing the reasonable value of the property or the amount of damage appellee suffered by virtue of the alleged wrongful detention.[2] If the parties entered into a stipulation in regard to this element of the case, there is nothing in the record or briefs to so indicate.
 Inasmuch as this case is to be reversed for a new trial, we think two other matters should be discussed. First, the question of whether the air conditioning unit is personalty or part of the realty is one of fact for determination by the jury or the judge sitting without a jury.[3] Secondly, in accepting evidence in regard to this issue the trial court should permit the defendant, a general contractor, to testify as an expert in regard to the structural damage or lack of same which would be caused by the removal of this air conditioning unit. The record amply demonstrates that the contractor qualified as an expert.
What we have said above in regard to the contract provision, treating this property as personalty, not being binding upon appellant, does not in any way preclude appel-lee from introducing evidence to the effect that this property is actually personalty.[4] The effect of this will be to make the question of whether this central air condition-mg unit is a fixture or personalty, one of fact and not one of contractual agreement.
Accordingly, the judgment appealed is reversed and the cause is remanded for a new trial.
Reversed and remanded.

. Standard Motors Finance Co. v. Central Farmers’ Trust Co., 117 Fla. 217, 157 So. 520 (1934).

. State ex rel. O’Hara v. Justice, Fla.1959, 109 So.2d 761.

. Ridgefield Investors v. Holloway, Fla.1954, 75 So.2d 208; Ribaudo v. Citizens National Bank of Orlando, 261 F.2d 929 (5th Cir.1958).

. Id., Note 1, supra.