HENDRY, Judge.
The appellant was the defendant below in a law suit brought by the appellee which resulted in a verdict in favor of the appel-lee, Levinson. The suit arose because of the appellant-insurance company’s refusal to pay a claim made by Levinson after his *446 inboard-outboard vessel, the Marshellen II, had sunk while moored at its dockage. Levinson predicated his cause of action upon a provision in the insurance contract commonly referred to as the “Inchmaree” clause. The pertinent portion of this provision is as follows:
“This insurance also to cover loss of or damage to hull or machinery directly caused by the following:
“Bursting of boilers, breakage of shafts, or any latent defect in the machinery or hull, (excluding the cost and expense of repairing or replacing the defective part) ; * * *”
Levinson’s theory was that the particular latent defect which caused the Marshellen II to sink was a defective exhaust hose in the six-month-old vessel, which had broken, allowing water to fill and sink the ship.
At trial, Levinson offered testimony and evidence which tended to show the age and small amount of use of the vessel, the weather conditions surrounding the date of the sinking, and the maintenance and care which had been given to the vessel prior to the sinking. Among the appellee’s witnesses who testified was Mr. Frank Davis, who was the investigating agent authorized to represent the appellant regarding the claim for loss filed by Levinson under his insurance contract. During the investigative stage, Mr. Davis had told Mr. Levinson that in his, Davis’, opinion, coverage for the loss would lie under the contract. Later, at trial, both Davis and Levinson testified as to the above conversation, over the objection of the appellant. By this appeal, the appellant contends that the court erred when it refused to prohibit Davis from testifying about his earlier conversations with Levinson in which he told Levinson that he would recommend payment for the loss and that the insurance contract covered this particular loss.
We cannot agree with the appellant’s contentions as to this issue. While acting as an investigator of the claim, Davis was a representative and an employee of the appellant. Any statements he made to Levinson regarding coverage under the policy were made in the scope of his employment. As such, statements made by Davis are admissible because they are admissions against interest by an authorized agent of the appellant who was acting within the scope of his authority. 13 Fla.Jur. Evidence § 230. Moreover, the record indicates that the appellant, through cross-examination, attempted to impeach and discredit the credibility and expertise of Davis. Thus, the jury had before it sufficient testimony, elicited by counsel, to determine the quality and believability of Davis’ opinion, and these are matters that are strictly within the jury’s province. Paradise Prairie Land Co. v. United States, (5 C.A.1954) 212 F.2d 170; Corbett v. Appliance Buyers Credit Corp., Fla.App.1965, 172 So.2d 257. The jury in this case was free to disregard Davis’ statements as to his prior opinion regarding coverage, or to consider them indicative and meaningful in the light of Davis’ experience in the field and his investigation of this particular loss.
The appellant also contends that it was error for the court to deny its motion for directed verdict which was made at the close of plaintiff’s case. That is to say, the appellant contends that there was not sufficient evidence before the court to make out a prima facie case that the sinking of the Marshellen II resulted from a risk insured by the appellant, i. e., a latent defect. We have examined the record closely and find this argument to be without merit. There was ample evidence before the court regarding all conditions surrounding the sinking of the vessel, and considering such evidence in a light most favorable to the non-movant, appellee, the court properly concluded that a jury could reasonably infer that the vessel sank due to latent defects which were undiscoverable *447 by the ship owner or someone in privity with him. See Tropical Marine Products v. Birmingham Fire Ins. Co. of Pa., (5 C.A.1957) 247 F.2d 116; Rodi v. Florida Greyhound Lines, Fla. 1953, 62 So.2d 355.
Therefore, based on the foregoing reasons, the final judgment being appealed is hereby affirmed.
Affirmed.