CARROLL, Judge.
On May 28, 1964, the appellant Rosa Lena Craig, by written instrument, leased certain premises to L. Joe Cranston and Idah G. Allen doing business as “Barry’s Cleaners.” The lease was for a term of fourteen years, for a total rental of $59,000, with provision for payment of the rental monthly throughout the term in specified amounts.
The first of a series of printed “stipulations and conditions” contained in the lease was a prohibition against assignment thereof by the lessees. That provision was modified by a typed clause, as follows: “In addition to the terms of paragraph FIRST hereof, the Lessors agree that they will not unreasonably withhold approval of the assignment of this Lease, but in any event, Assignees must be financially responsible for the continued fulfillment of the terms of this Lease.”
On October 26, 1965, with consent of the lessor, the lease was assigned by the lessees to 60 Minute of Miami, Inc. In the instrument of assignment between the lessees and the assignee, the latter agreed to perform the lease. Coincident with said assignment the original lessees executed an instrument by which they expressly agreed “to be bound by and to guarantee all of the terms conditions and covenants of the (assigned) lease,” and specified therein that they would perform on behalf of the as-signee in event of default by the latter, as follows:
“The undersigned herewith asserts that in the event of default by the As-signee, 60 Minute of Miami, Inc., a Florida corporation, as Lessee, under the aforesaid lease, that the undersigned will provide full and complete performance in behalf of said Assignee; and thereupon perform under said lease in the event of default of said lease by Assignee, provided, however, that the Lessor shall provide to the undersigned a minimum of ten (10) days notice of any alleged default.”
On June 7, 1971 the lessor filed this action in the civil court of record of Dade County against the assignee of the lease, 60 Minute of Miami, Inc. and against Mary Katherine Cranston, the representative of the estate of the lessee L. Joe Cranston, by then deceased, and against the original lessee Idah G. Allen through Melvin Stokes, her then appointed guardian. The complaint alleged the circumstances relating to the lease as set out above, and further alleged that the lessor had not, in consenting to the assignment of lease, released or discharged the original lessees from their obligations thereunder as lessees; that the assignee had defaulted in payment of rent, for a certain period which then amounted to $2,100; and that the lessees and their assignee had caused damage to the building in excess of reasonable wear and tear for which recovery was sought. Based thereon, in a first count, the plaintiff sought recovery from the as-signee, and from the lessees on their continuing original obligation on the lease. By a second count the plaintiff lessor sought recovery of such damages from the lessees based on their express undertaking to perform in event of default by the as-signee.
Answer was filed by the executrix of the original lessee Cranston and by the lessee Allen through her guardian. Therein, as defenses, it was pleaded there had been a surrender of the lease to the lessor, that the assignment had operated to create a new lease, and that said defendants had *96 been released and discharged as guarantors. Further, the defendants averred they were not liable because of failure of the lessor “to pursue the principal debtor,” the assignee 60 Minute of Miami, Inc., prior to proceeding against the defendant lessees.
Jury trial as requested in the pleadings was waived, and the matter came on for trial before the court. At the outset thereof, when it was determined that the as-signee of the lease, 60 Minute of Miami, Inc., had not been served with process in the cause, the court entered final judgment in favor of the original lessee-defendants upon holding they were entitled to judgment because of failure of the plaintiff to have obtained service on the assignee of the lease, which the court held was a condition precedent to a right of action by the lessor against the said original lessee-defendants.
On this appeal therefrom by the plaintiff-lessor, it is contended that the trial court was in error in concluding that the joining and serving of process on the as-signee of the lease was a condition precedent to assertion of a cause of action against the original lessees for the amounts in default. Appellant further contends that even if the (joined) assignee was a necessary party the fact that service upon it had not been obtained was not ground for dismissal or to enter judgment in favor of the other defendants, but rather showed the cause was not at issue and should have remained pending to be resumed after service on such assignee defendant, if that was legally requisite.
We find merit in those contentions of the appellant. An assignment of a lease by a lessee does not relieve the lessee of its obligations thereunder. Kornblum v. Henry E. Mangels Company, Fla.App. 1964, 167 So.2d 16, 10 A.L.R.3d 812; 49 Am. Jur.2d, Landlord and Tenant, § 440 ; 20 Fla.Jur., Landlord and Tenant, § 63. The lessees’ guaranty of payment and performance given in consideration of the consent for assignment was actionable against them upon default by the assignee of the lease without necessity to proceed or to first proceed against the latter. Luckey v. Thornton, Fla.App.1965, 171 So.2d 410. The principle has been consistently applied in cases involving guaranty of payment of promissory notes, e. g. Anderson v. Trade Winds Enterprizes Corp., Fla. App. 1970, 241 So.2d 174; Quarngesser v. Appliance Buyers Credit Corp., Fla. App. 1966, 187 So.2d 662. See also, 49 Am.Jur.2d, Landlord and Tenant, § 662.
Accordingly, the judgment is reversed and the cause is remanded for further proceedings.