468 So.2d 337 (1985)
Wilton ESKRIDGE and Betty Eskridge, Appellants,
v.
MACKLEVY, INC., a Corporation, Appellee.
No. AY-21.
District Court of Appeal of Florida, First District.
April 15, 1985.
Rehearing Denied May 30, 1985.
*338 Robert T. Hyde, Jr., and William J. Taylor, of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellants.
S. Perry Penland and Frank W. Goddard, of Penland, Seelie, Morgan & Penland, P.A., Jacksonville, and Al Millar, of Al Millar, P.A., Jacksonville, for appellee.
SHIVERS, Judge.
Wilton and Betty Eskridge (Eskridge) appeal final judgment in favor of Macklevy, Inc. (Macklevy). Eskridge asserts that the trial court erred in denying their motion for directed verdict and in failing to grant their motion to set aside the verdict in favor of Macklevy and in failing to enter judgment in accordance with Eskridge's motion for directed verdict.
At issue is whether Macklevy's option to purchase the property had terminated. We conclude that it had and reverse.
On March 1, 1971, Eskridge, of South Carolina, as lessor, leased to certain tenants a restaurant building and contents in Duval County for a five-year term. Simultaneously, Eskridge gave the tenants an option to purchase the property. Macklevy, by assignments to it, became the tenant under the lease agreement as well as the optionee under the option agreement. The lease agreement and the option agreement were extended by lease and option modification and extension agreements three times and twice by letters, concluding with a period ending July 16, 1982.
On March 16, 1982, the restaurant was destroyed by fire. On March 30, 1982, Macklevy notified Eskridge that it wished to exercise its option to purchase. On March 31, 1982, Eskridge notified Macklevy that Eskridge considered the option terminated by virtue of default in rent payment and destruction of the premises.
Macklevy sued for specific performance. Eskridge maintained that Macklevy could not exercise the option since the option had expired. The trial court denied Eskridge's motions for directed verdict and submitted the matter to the jury which found that Macklevy had exercised its option. Eskridge, taking the position the matter should not have been submitted to the jury, moved to set aside the verdict and requested judgment in accordance with Eskridge's earlier motion for directed verdict. The trial court entered judgment for Macklevy in accordance with the verdict. The judgment awarded the property to Macklevy, and awarded Eskridge the balance owed on the purchase price stated in the option.
Eskridge insists that the option terminated as a matter of law when Macklevy breached the lease by subletting a portion of the premises for a billboard and by building a large addition to the building.
It is uncontradicted that in 1972 and 1973 Macklevy and its predecessor sublet a portion of the leased property for billboard advertising purposes. It is also not denied that in 1977 or 1978 Macklevy constructed a 1,000 square foot addition to the restaurant building.
*339 The lease agreement provides that the tenants may not sublet the premises without the written consent of the landlords:
3. The Tenants shall not assign or encumber this leasehold, nor sublet the demised premises or any part thereof nor permit the demised premises or any part khereof [sic] to be used by others without the prior written consent of the Landlords in each instance. No such assignment, encumbrance or subletting or use shall relieve the Tenants of any of the obligations in this lease contained. Any consent granted by the Landlords shall not be construed to relieve the Tenants from obtaining similar consent of the Landlords to any future assignment or encumbrance or subletting or use by others.
In Paragraph 4, the lease agreement provides in part:
... The Tenants shall make no alterations, additions, or improvements to the demised premises without obtaining Landlords' prior written consent.
The record contains no written consent of the landlords to a subletting nor does it contain written consent by the landlords to any alterations, additions or improvements to the premises. We find unpersuasive Macklevy's theory that there were six separate leaseholds. The evidence shows there was one leasehold that was modified and extended.
Macklevy maintains Eskridge has waived any breaches by Macklevy or its predecessors. It is clear, though, from the "antiwaiver" clause in the lease that any waiver by the landlords must be in writing and signed by the landlords.
10. All rights and remedies of Landlords enumerated herein shall be cumulative and none shall exclude any other right or remedy allowed by law. Failure of Landlords to insist, at any time, upon strict performance of any covenants, provision or condition of this lease or to exercise any option herein contained shall not be construed as a waiver or a relinquishment for the future of such covenant, provision, condition or option. Receipt by Landlords of rent with knowledge of the breach of any covenant, provision or condition shall not be deemed a waiver of such breach, and no waiver by Landlords shall be deemed to have been made unless expressed in writing and signed by Landlords. In addition to the other remedies provided in this lease Landlords shall be entitled to the restraint by injunction of the violation, or threatened violation, of any covenant, provision or condition of this lease.
The validity of anti-waiver provisions has been upheld in this court. Philpot v. Bouchelle, 411 So.2d 1341 (Fla. 1st DCA 1982). In the present case, as in Philpot, the lessor did not act inconsistently with the anti-waiver clause, and therefore it must be upheld.
The option provided that any breach or default of any terms of the lease constituted a breach of the option, which breach caused the option to terminate without notice:
... It is hereby expressly understood and agreed between the parties that any breach or default by the Purchasers in the performance of any of the terms or conditions of the aforesaid notes or lease agreement required on their part to be performed, shall constitute a breach by them under this Option Agreement and upon such occurrence the privilege to purchase hereby granted to the Purchasers shall cease and terminate forthwith and without notice and this instrument shall be surrendered up for cancellation by Purchasers upon demands by Sellers.
The subleasing and the construction of an addition by Macklevy breached the lease and terminated the option, as a matter of law, since they were done without the written permission of the lessors. There was no required waiver in writing of such breaches. It was error not to direct a verdict in favor of the lessors.
The case is reversed and remanded for the entry of a judgment consistent with this opinion.
BOOTH, J., and TILLMAN PEARSON (Ret.), Associate Judge, concur.