480 So.2d 240 (1985)
Dorothy RAIMONDI, Appellant,
v.
I.T. CHIPS, INC., Appellee.
No. 84-2656.
District Court of Appeal of Florida, Fourth District.
December 31, 1985.
*241 Fred J. Ward of Fred J. Ward, P.A., Hallandale, for appellant.
No appearance for appellee.
HERSEY, Chief Judge.
This is an action by a lessor to cancel a lease for failure of the assignee-lessee to comply with certain provisions contained in the lease.
Dorothy Raimondi leased certain premises to a corporation, and there were subsequent assignments of the lease to others. I.T. Chips, Inc., was either the ultimate assignee-lessee or the penultimate assignee-lessee. Evidence before the trial court clearly established that one or more of the lessees in the chain of assignments defaulted on their lease obligations in at least four respects: failure to timely pay taxes, failure to maintain insurance coverage, failure to remove a mechanic's lien, and failure to pay appellant's attorney's fees incurred in defending the mechanic's lien foreclosure action.
The evidence is conflicting as to whether there was a proper assignment of the lease from lessee I.T. Chips, Inc., back to lessee Mam Restaurant Corp. Regardless, I.T. Chips remains liable for any defaults. If there was no proper assignment, I.T. Chips is liable by virtue of being the lessee at the time of the defaults. If there was an assignment, I.T. Chips remains liable under the rule that a lessee is liable for violations of express covenants of a lease even after assigning the lease to another. Craig v. 60 Minute of Miami, Inc., 267 So.2d 94 (Fla. 3d DCA 1972); Kornblum v. Henry E. Mangels Co., 167 So.2d 16 (Fla. 3d DCA 1964). The trial court found, however, that the lessees have "substantially complied with and fulfilled all obligations" under the lease and, in any event, that lessor Raimondi had "consented to, had knowledge of, acquiesced in and benefitted from all purported assignments," consequently being barred from recovery by waiver and estoppel. The judgment entered therein is appealed here.
The trial court's finding that the lessees were not in default is not supported by substantial competent evidence, and we reject that finding. The issue remains whether estoppel and waiver are properly applied to defeat the lessor's recovery.
The trial court correctly states the general rule that a lessor who continues to accept benefits under a lease after a breach and with knowledge of the breach "is estopped to assert a forfeiture for a breach of covenant or condition in a lease, or waives his right to such a forfeiture... ." Philpot v. Bouchelle, 411 So.2d 1341, 1344 (Fla. 1st DCA 1982). However, since "a party is bound by, and a court is powerless to rewrite, the clear and unambiguous terms of a voluntary contract... .," National Health Laboratories, Inc. v. Bailmar, Inc., 444 So.2d 1078, 1080 (Fla. 3d DCA), rev. denied, 453 So.2d 43 (Fla. 1984), an exception to this rule has developed where the terms of the lease itself provide that the lessor may accept benefits without waiving her rights under the lease.
In Philpot, 411 So.2d at 1341, the trial court found that a lessor who had accepted late performance under a lease had waived his right to later declare an option clause in the lease to be void. Paragraph 15 of the lease, however, contained the following provision:
The rights of the lessor under the foregoing shall be cumulative and the failure on the part of the lessor to exercise properly any rights given hereunder shall not operate to forfeit any of the said rights.

Id. at 1343 (emphasis original). In reversing the trial court, the appellate court reasoned:
If not for paragraph 15 of the parties' contract, we would agree that the issue as to whether the appellant waived the conditions necessary to the exercise of the option was a jury question and that there was competent, substantial evidence supporting the jury's decision. *242 The law is clear that a lessor is estopped to assert a forfeiture for a breach of covenant or condition in a lease, or waives his right to such a forfeiture, if, after the breach of covenant, he accepts rent from his tenant with knowledge or full notice thereof. Farmers' Bank and Trust Co. v. Palms Pub. Co., 86 Fla. 371, 98 So. 143 (1923); Moskos v. Hand, 247 So.2d 795 (Fla. 4th DCA 1971). Even when time is made of the essence of a contract, such provision can also be waived by the party to whom the benefit inures. Shouse v. Doane, 39 Fla. 95, 21 So. 807 (1897).
The difficulty in applying the above rule to the case before us is that the parties contractually agreed in paragraph 15 that the acceptance of late performance by the lessor would not constitute a waiver of the lessor's rights. Thus, the lessor, by accepting appellee's late performance, can hardly be considered as dealing inconsistently with the terms of the contract.
We consider that the parties contractually modified the common law rules of waiver and estoppel, and their modification does not conflict with any public policy. We have found no Florida cases, nor have the parties cited any, which deal with a clause such as the one provided in paragraph 15 of the lease. Other jurisdictions, however, have upheld the validity of clauses similar to those stated in paragraph 15. See Karbelnig v. Brothwell, 244 Cal. App.2d 333, 53 Cal. Rptr. 335 (1966); In re: Wil-Low Cafeterias, Inc., 95 F.2d 306 (2d Cir.1938), cert. denied, 304 U.S. 567, 58 S.Ct. 950, 82 L.Ed. 1533; Vintaloro v. Pappas, 310 Ill. 115, 141 N.E. 377 (1923); U.S.A. Petroleum Corp. v. Jopat Building Corp., 343 So.2d 501 (Ala. 1977).
Id. at 1343-44. See also Eskridge v. Macklevy, Inc., 468 So.2d 337 (Fla. 1st DCA 1985) (lessor who continued to accept benefits under lease could terminate option clause where lease contained anti-waiver provision).
The lease in the instant case also contains such provisions, specifically:
Article II:
Extension, indulgence or change by the Lessor of the mode of time of payment of rent upon any occasion shall not be construed as a waiver of the provisions of this paragraph or as requiring a similar extension, indulgence or change by the Lessor on any subsequent occasion.
Article IV:
The failure of the Lessee to pay taxes or other charges enumerated in this Article, or to furnish receipts therefor, to the Lessor, or to furnish the written notice and surety bond herein referred to not later than thirty (30) days before said tax or taxes, or any item of them would become delinquent, shall in each and every instance, as set forth, constitute a default by the Lessee in this Lease Agreement, at the option of the Lessor.
It is strictly understood, however, that the election of the Lessor to pay said taxes shall not waive the default thus committed by the Lessee by the latter's failure to pay the same.
Article XI:
It is further intended, agreed and understood by and between the Lessor and Lessee that the right given Lessor in this lease to collect the rent that may be due under the terms of this agreement by any proceedings under the same, or the right to collect any additional rent money or payments due under the terms of this Lease Agreement by any proceedings under the same, or the right given to Lessor to enforce any of the terms and provisions of this lease, shall not in any way affect the right of such Lessor to declare this lease void and the term created herein ended, as herein provided for, when a default is made by the Lessee in any of the terms and provisions of this Lease Agreement.
It is apparent from a review of the record that the trial court simply applied the general rule and ignored the fact that the parties had contracted otherwise. Nor does the existence of improvements made *243 by appellees permit the trial court under equitable principles to refuse to cancel the lease since the lease provides that in the event of a default the lessee would forfeit the improvements.
Appellee I.T. Chips was in default under the terms of the lease, and waiver and estoppel were not available because of the parties' agreement; therefore, the trial court erred in failing to enter judgment in favor of appellant-lessor cancelling the lease. Accordingly, we reverse and remand for such further proceedings as may be appropriate.
REVERSED AND REMANDED.
GLICKSTEIN and HURLEY, JJ., concur.