HENRY M. BRIGHAM AND EDWARD H. WILSON, RESPONDENTS, v. HERRICK F. KIDDER, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF CAMILLUS G. KIDDER, DECEASED, APPELLANT.

Submitted July 9, 1923—Decided November 19, 1923.

B. and W. entered into a contract and lease with C. G. K., all being lawyers, for certain rooms in a building in New York, to be used as law offices by K., B. & W., were to furnish K. with the services of a competent stenographer and law clerk, &c. The term was from April 15th, 1919, to May 1st, 1923, but did not run to personal representatives. K. died October 21st, 1921. *Held*, that the renting and contract for services were incident to K.'s law business and entirely personal, and perished upon his death. *Held, further*, that on suit for the balance alleged to be due under the agreement, a direction of a verdict for plaintiffs was error.

---

On appeal from the Essex County Circuit Court.

For the appellant, *Wall, Haight, Carey & Hartpence.*

For the respondents, *Hooker I. Coggeshall.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This is an appeal from a judgment entered on a verdict directed for the plaintiffs in the Essex Circuit.

On February 25th, 1919, Camillus G. Kidder, defendant's testator, entered into an agreement and lease with Brigham & Wilson, all parties being New York lawyers. Brigham & Wilson were partners, Mr. Kidder had his separate professional business. The agreement leases two rooms at No. 55 Liberty street, New York, to Mr. Kidder, to be used and occupied by him as law offices, and for no other purpose; Mr. Kidder to have the use in common with the other parties of the outer office of the suite occupied by Brigham & Wilson, they to furnish him the service of a competent stenographer and law clerk to be used in common by all the parties, and telephone service to Mr. Kidder up to nine hundred local messages a year, for which he was to pay $2,500 per annum in equal monthly payments in advance; the lease not to be assigned or sublet by Mr. Kidder without the consent of Brigham & Wilson. The term ran from April 15th, 1919, to May 1st, 1923. Mr. Kidder died October 21st, 1921. Suit was brought for the balance alleged to be due under the agreement, less some rentals received, thus minimizing damages. The direction for the plaintiffs was unwarranted. In fact, there should have been a direction the other way, if moved for. It was not, counsel for defendant contenting themselves with an exception.

The renting and contract for services herein were incident to the late Mr. Kidder's law business, and entirely personal. The contract did not survive to his personal representative as he could not practice law in the deceased's place. The business perished with him. If he had intended to bind his estate he would undoubtedly have included his executors and administrators.

This case is controlled by our decision last term in *Brauer* v. *Hyman*, 98 *N. J. L.* 743, wherein we held that there was an implied covenant in a contract to the effect that if performance became impossible by reason of the perishing

of the business itself without fault of the party sought to be charged, no recovery could be had under it. Here the man died and the business perished with him. The implied covenant was present and the direction of a verdict for the plaintiffs was erroneous.

The judgment should be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Trenchard, Parker, Kalisch, Black, Katzenbach, White, Heppenheimer, Ackerson, Van Buskirk, JJ. 11.