BERGEN COUNTY CIRCUIT COURT.

GEORGE J. CAPDEVILLE, PLAINTIFF, v. EDGAR A. ROBINS, DEFENDANT.

Decided February 4, 1932.

For the plaintiff, *Frank Pascarella.*

For the defendant, *J. William Miller.*

CAFFREY, C. C. J.   This is a suit in ejectment, having for its object the possession of premises owned by the plaintiff, but occupied by the defendant herein.

This cause was heard by the court without a jury—counsel representing both litigants consenting and stipulating in open court that this matter be so tried.

The facts are conceded to be as follows:

The plaintiff herein is the admitted owner under a deed executed and delivered to him by his mother, Nellie Capdeville—also known as Margaret N. Capdeville—dated October 27th, 1927, recorded two days thereafter, of premises in the borough of Hasbrouck Heights in this state, commonly known and designated as 103 Walter avenue, the defendant occupying the same under a written lease made with plaintiff's grantor, said lease bearing date of February 27th, 1926, and recorded May 7th, 1928.   No mention is made in plaintiff's deed of this lease.

The aforesaid lease entered into by Margaret N. Capdeville (therein referred to as party of first part) and the defendant, Edgar A. Robins (therein referred to as party of the second

part), permits the defendant to occupy the premises aforesaid "including use of furniture and fixtures and all household equipment. Said party of the first part to have use of aforesaid furnishings for the term of five years to commence on the 1st day of April, A. D. 1926, at the monthly rent of $25 *and other valuable considerations* payable monthly. It is understood and agreed that the party of the second part shall have the privilege to renew this lease and a monthly rental of not more than $25 per month." The testimony of the defendant herein before me clearly indicates that the "other valuable consideration was that the party that the lease was drawn with was an invalid, and when I considered the rent it was not simply a case of rent; it meant that my wife and I had to take care of this woman, being a paralytic. That was other considerations." By "the party that the lease was drawn" and "this woman" is meant the said Margaret N. Capdeville. The defendant further testified that he is no longer taking care of his lessor for the reason that "she is dead" (having died prior to the expiration of the lease) the exact date of her death being unknown to the defendant. As to the provision in said lease "including the use of furniture, fixtures and household equipment" the defendant testified that although they belonged to his lessor, he formerly used some of them, but that he is not now using any of them for that they are now "in the possession of her son"—the plaintiff herein—having been removed by the plaintiff with the knowledge and consent of the defendant, the latter having surrendered possession thereof.

On March 31st, 1931, the plaintiff by written demand addressed to and admittedly received by the defendant, required the defendant to deliver possession of the demised premises to the plaintiff on April 1st, 1931, "that being the day your tenure expires." The defendant continued in possession, claiming to be entitled so to do under the "privilege" clause contained in his lease with plaintiff's grantor. The defendant tendered $25 as rent for the month of April, 1931, between the fifteenth and thirtieth days of that month, which was refused.

The briefs submitted by counsel cite cases relating only to the rights of a tenant, who exercises an option (privilege) to renew a written lease, by continuing in possession. While the lease here does not indicate what notice, if any, shall be given to the lessor of the lessee's intention to extend the same, yet, nevertheless, the defendant claims to have given written notice to the plaintiff of his (defendant's) intention to renew said lease, this notice having been mailed on March 31st, 1931, and received by the plaintiff herein the day after. It is now elementary that where a demise extends over a fixed period, with a provision for its continuance over another fixed period, at a rental fixed, the right of the tenant continues after the determination of the first period, if he elects and such election will be indicated by his continuing in possession and paying the rent. Such additional term is not a new demise but a continuation of the old one. This was the ruling of our Court of Errors and Appeals in *Balura* v. *McBride,* 75 *N. J. L.* 480 (at *p.* 482), citing with approval *Mershon* v. *Williams,* 62 *Id.* 779.

In the case at bar, it should be noted that the rental stipulated was "$25 and other valuable considerations" which required the defendant lessee not only to pay the amount aforesaid, but also to take care of the paralytic lessor. This latter requirement became impossible of performance by reason of the death of this invalid woman. The payment of the rental and the taking care of the paralytic lessor were essential to the retaining of possession by the defendant lessee of the demised premises and these requirements are inseparable. That right to possession in the lessee terminated with the death of the lessor and accordingly the plaintiff herein thereupon became entitled to the possession of the demised premises by reason thereof. *Brigham* v. *Kidder,* 99 *N. J. L.* 79; 122 *Atl. Rep.* 740. The plaintiff is entitled to possession of the demised premises.

The pleadings in this case may be amended to conform to the facts here. Upon this being done, judgment will be entered in favor of the plaintiff herein.