George W. WARNECKE, Plaintiff-Appellant,

v.

ESTATE of John RABENAU, Deceased, Defendant-Respondent.

No. 31326.

St. Louis Court of Appeals.

Missouri.

April 16, 1963.

Bryan, Cave, McPheeters & McRoberts, George S. Roudebush, John P. MacCarthy, St. Louis, for plaintiff-appellant.

Greensfelder, Hemker & Wiese, James L. Hawkins, St. Louis, for defendant-respondent.

DOERNER, Commissioner.

This is a claim for $4,495.57 against the Estate of John Rabenau, Deceased, founded upon a lease entered into by the decedent. Following successive denials of the claim by the Probate Court and the Circuit Court, claimant appealed to this court in due course.

The facts are undisputed. Claimant, George W. Warnecke, is the owner of the Paul Brown Building, a large downtown office building in the City of St. Louis, having about 200 tenants. The decedent, John Rabenau, was a certified public accountant who for an unspecified number of years maintained his office in the Paul Brown Building, from which he carried on the practice of his profession. Decedent's tenancy was by virtue of a lease which was about to expire. By a new lease executed on July 24, 1959, claimant leased to decedent Rooms 732, 733, 734 and 735 on the seventh floor of the Paul Brown Building for a term of two years, to begin on November 1, 1959, and end on October 31, 1961, at an annual rental of $3,840, payable in advance in equal monthly installments of $320, plus a charge for such electric current as might be supplied to the leased premises. The lease provided that the leased premises were "* * * to be used and occupied as office for certified public accountants, but for no other purpose." Other provisions material to the issues raised on appeal are:

"6. * * * that Lessee will not use the demised premises, or any part thereof, or permit same to be used, for any immoral purposes or for any purpose other than specified, that neither this lease, nor any interest thereunder, shall, without the written consent of the Lessor endorsed hereon, be assigned or otherwise disposed of voluntarily or by operation of law or otherwise, nor shall said premises or any part thereof be sublet without such written consent of Lessor first endorsed hereon, * * *."

Mr. Rabenau died on March 16, 1960. His widow, Mrs. Leianna Rabenau, was appointed executrix under his will. Following her husband's death, Mrs. Rabenau paid the rent through the month of August, 1960, but whether in her individual or in her representative capacity is. not shown in the record. Thereafter, on December 10, 1960, claimant filed his claim in the Probate Court of St. Louis County, wherein he pleaded the lease (a copy of which was attached to the claim), and alleged that there was then due rent of $960 and a charge for electric current of $15.57, and that rent of $3,520 would become due for the months of December, 1960, through October, 1961. Claimant also sought to recover interest of 6% upon the rent installments due, as provided in the lease.

At the trial de novo in the Circuit Court, heard without a jury, in addition to the foregoing evidence, the parties stipulated that prior to his death the decedent carried on his practice as a certified public accountant in the premises described in the lease, under the firm name of Rabenau & Slais, of which he was the sole proprietor; that he had employees doing accounting work in such premises, none of whom were certified public accountants; and that Mrs. Rabenau, his widow and executrix, is not qualified or trained as an accountant or certified public accountant.

By its judgment the Circuit Court found the issues in favor of the defendant, but stated no grounds upon which it did so.

Claimant contends that in so holding the court erred, because the terms of the lease made by the decedent bound his estate. Defendant, on the other hand, argues that the lease was a personal undertaking of the decedent which terminated with his death, so as to relieve his estate from any liability. While the claim includes rent not yet due, and is therefore in part a contingent demand, Elms Realty Co. v. Wood, 285 Mo. 130, 225 S.W. 1002, defendant does not contend that under our present probate code such a claim may not be allowed or paid. Sections 473.360, 473.390, RSMo 1949, V.A. M.S.; Beckers-Behrens-Gist Lumber Co. v. Adams, Mo.App., 311 S.W.2d 70.

■ Generally speaking, a lease for a term of years is not terminated by the death of the lessor,[1] or the lessee.[2] But if the terms of the lease and the surrounding facts and circumstances show that the lease was intended to be only a personal obligation of the lessee, then there is necessarily an implied condition that his death will terminate the lease. Brigham v. Kidder, 99 N.J.L. 79, 122 A. 740; 51 C.J.S. Landlord and Tenant § 92, pp. 659, 660; 32 Amer. Jur., Landlord and Tenant, Sec. 65, p. 81. This principle regarding personal contracts or agreements creating a personal relationship is not new to the law of contracts. Thus in McDaniel v. Rose, Mo.App., 153 S.W.2d 828, 830, the court said:

"Generally speaking, the death of a party does not terminate or extinguish a contract unless it is one of a personal nature or creates a personal relationship, the presumption otherwise being that the parties intend to bind their personal representatives, whether specifically referred to in the contract or not. But of course, if the acts to be performed are of a strictly personal nature, or if the subject matter of the contract is such that its performance depends upon the continued existence of a particular person or of a particular condition or status which goes to the very essence of the contract, then there is necessarily an implied condition that death will terminate the contract; and if the death of one of the contracting parties occurs while all or any part of the contract is still to be performed, the death of such party will operate as a discharge, and relieve his personal representative of any duty to perform."

And in Buddon Realty Co. v. Wallace, 238 Mo.App. 900, 189 S.W.2d 1009, while it was held inapplicable for a number of reasons, this court recognized that the same principle extended to leases.

■ As in the case of contracts, the difficulty is not with these rules themselves, but with their application to a particular situation. McDaniel v. Rose, supra. As to contracts in general, it was said in that case (153 S.W.2d l. c. 830) that:

"* * * the test of whether a contract is terminated by death ultimately resolves itself into one of whether its subject matter is such that it may be performed or completed by the deceased party's personal representative as well and fully as it could have been performed and completed by the deceased himself if he had fortuitously survived. If the contract is one which for any legitimate reason may not be as well and fully performed and completed by the personal representative as by the deceased himself, then the parties, in entering into the contract, are to be presumed to have had in mind that death would excuse performance, so that in determining the question of whether the personal representative is to be bound by an obligation assumed by his deceased, the facts and circum-

---

1. Stone v. Wandling, 307 Mo. 160, 270 S.W. 315.

2. Buddon Realty Co. v. Wallace, 238 Mo. App. 900, 189 S.W.2d 1002; 51 C.J.S.

Landlord and Tenant § 92, p. 659; 32 Amer.Jur., Landlord and Tenant, Sec. 65, p. 81.

stances of each particular case are necessarily to be taken into account."

In the case of a lease, the factors to be considered in determining whether the lease is personal to the lessee, as stated in 51 C.J.S. Landlord and Tenant § 92, pp. 659, 660, are: "* * * the terms of the lease, the nature of the business, and the peculiar qualifications of the lessee * * *." The cardinal rules of construction of contracts and conveyances, of course, are that the intention of the parties must be ascertained and given effect, Johnson v. Missouri-Kansas-Texas R. Co., Mo., 216 S.W.2d 499; Missouri Athletic Ass'n v. Delk Inv. Corp., 323 Mo. 765, 20 S.W.2d 51; and that such intention must be ascertained from within the four corners of the written instrument and the surrounding circumstances and conditions. Kerrick v. Schoenberg, Mo., 328 S.W.2d 595; Paulus v. Board of Education of City of St. Louis, Mo.App., 347 S.W.2d 425. In that connection it is of interest to note that in the Rules and Regulations attached to the lease, the word "Lessor" was defined to include "the Lessor's successors in interest" while the word "Lessee" was stated to apply to and include only "the Lessee and his servants, clerks, employees and other representatives, visitors, customers, clients, patients, and common carriers"; but not his successor or personal representative.

■ Applying the foregoing tests to the instant case, we cannot escape the conclusion that the lease between the claimant and Rabenau was one of a personal nature which terminated with the latter's death. The leased premises were not a farm, plantation, or an entire building, as in many cases cited in support of the general rule, but a suite of offices in a downtown office building. Moreover, as was well known to the claimant, the only purpose for which decedent leased such offices, as he had for many years in the past, was as quarters in which to carry on the practice of his profession, that of a certified public accountant. Indeed, by the very terms of the lease such offices were to be used for that purpose, and that purpose alone. Furthermore, as in the case of medicine and other professions, the decedent's vocation was one in which the public at large may not engage. Only those who have met the statutory requirements and have been duly issued a certificate may lawfully practice as a certified public accountant. Ch. 326, RSMo 1959, V.A.M.S. Thus, for such offices to be used for the purpose specified it must have been contemplated that Rabenau would remain alive, since upon his death his personal representative could not carry on his profession nor engage in the activities which were highly personal as to him. All of the facts and circumstances of the case indicate that the premises were to be leased to the decedent solely for the practice of his profession while he remained alive, and that it was never contemplated by the parties that in the event of his death during the term of the lease his estate would be obligated for rent on offices for which it had no use. Brigham v. Kidder, supra; McDaniel v. Rose, supra; 51 C.J.S. Landlord and Tenant § 92, p. 659.

The judgment should be affirmed. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court. Accordingly, judgment is affirmed.

ANDERSON, P. J., and SAM C. BLAIR and PHIL H. COOK, Special Judges, concur.