**In the Matter of the ESTATE of Stella T. CHURCH, Deceased.**

**The SITEMAN ORGANIZATION, INC., Appellant-Claimant,**

v.

**Catherine Church CONLEY, Executrix and Aloysius T. Gorman, Executor of the Estate of Stella T. Church, Respondents.**

**No. 35114.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Nov. 27, 1973.

Rehearing Denied Jan. 11, 1974.

Blumenfeld, Kalishman, Marx & Tureen, Philip G. Kaplan, St. Louis, for appellant-claimant.

Robert M. Wohler, John C. Hannegan, St. Charles, for respondents.

McMILLIAN, Judge.

Plaintiff, the Siteman Organization, Inc., appeals from the decree entered by the Probate Court and affirmed by the Circuit Court of the City of St. Louis in favor of defendants Conley and Gorman as executrix and executor of the Estate of Stella T. Church. The controversy arose out of a landlord-tenant situation and the sole question for decision is whether or not the death of the lessee terminated the lease. We hold that it did not under the facts of

this case and reverse the judgment of the Circuit Court.

Stella Church, the decedent, and plaintiff, on September 30, 1970, entered into a written two-year lease for a specified apartment. The decedent occupied the apartment at the time of her death even though the lease was to commence on April 1, 1971. Monthly rental payments were $475.00 payable each month in advance; and decedent paid to plaintiff one month's rent as a security deposit which was to be returned by plaintiff upon the expiration of the lease, provided decedent had discharged all of the covenants required of her.

On March 13, 1971, Mrs. Church died at which time the first month's rent had been paid; that is, through the 30th of April, 1971. The lease terms included a provision that, ". . . All covenants and agreements of this lease shall be binding upon and inure to the benefit of the *heirs, executors, administrators, successors and assigns,* respectively, of Lessor and Lessee . . ." (Emphasis added.) The Probate Court allowed only part of the claim for rents due under the lease, or $950.00 for the months of June and July, 1971, during which the decedent's personal effects remained in Apartment 14B.

Plaintiff claims the court committed error in ruling that the lease was a personal obligation and therefore the death of the lessee terminated the lease contract; thus leaving the decedent's estate not liable for rent accruing during the remainder of the term. Defendants argue the accuracy of the Circuit Court's ruling; but raised the affirmative defense that if the lease is binding on Mrs. Church's estate then the landlord was prohibited from receiving such damages as might have been avoided by reasonable efforts. Whitehorn v. Dickerson, 419 S.W.2d 713 (Mo.App.1967).

■ The case of In re Estate of Lewis (Riverbank Associates v. Godfrey), 492 S.W.2d 385 (Mo.App.1973), decided by this Court last term, controls the disposition of the instant case. Here, as there, the lease is in writing and constitutes a written contract. While it is true that death does not usually terminate a lease for years, an exception to that rule lies where the lease is of a personal nature. Warnecke v. Rabenau's Estate, 367 S.W.2d 15, 17 (Mo.App. 1963); Buddon Realty Co. v. Wallace, 238 Mo.App. 900, 189 S.W.2d 1002 (1945). The language of this lease, however, is clear and unambiguous. It should, therefore, be enforced in accordance with its terms rendering it unnecessary here, as in *Lewis,* supra, to resort to a rule of construction in order to ascertain the meaning of the parties where their intention may be gathered from the actual terms of the instrument.

■ The parties here explictly and unequivocally provided that the lease, its terms and obligations, should be binding upon their respective heirs, executors and administrators; any suggestions of a personal obligation notwithstanding.

The record reflects no evidence on the issue of mitigation of damages; therefore, an evidentiary hearing will be required on this issue.

Accordingly, judgment is reversed and remanded with directions as set out herein.

CLEMENS, Acting P. J., and GUNN, J., concur.