312 So.2d 239 (1975)
Jack TAYLOR, D/B/a the Ocean Pavilion, Appellant,
v.
Jeanette H. ROSMAN, Personally and As Personal Representative of the Estate of Herman Rosman, Deceased, Appellee.
No. 74-966.
District Court of Appeal of Florida, Third District.
May 6, 1975.
*240 Zinn & Reinhard, Miami, for appellant.
Becker & Poliakoff and Peter S. Sacks, Miami Beach, for appellee.
Before BARKDULL, C.J., HENDRY, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellant filed this lawsuit against the appellee seeking to recover rent payments due under the terms of a rental agreement as well as damages done to the appellee's apartment under an almost identical prior rental agreement and attorney's fees.
Appellee filed a motion to dismiss the appellant's complaint on the grounds that the second lease agreement, being in excess of one year (two years), was unenforceable under Fla. Stat. § 689.01, F.S.A. because on the face of the agreement only one subscribing witness to the signature of the landlord appears instead of the required number of two witnesses.
The trial court granted the motion to dismiss with prejudice, and this appeal ensued. We reverse.
The renewal of the two-year lease agreement was signed on September 28, 1973 to commence on February 1, 1974 and extending to January 31, 1976. At that time, appellee and her husband, who has since died, had been living in their apartment leased from the appellant for over a year and a half under the prior rental agreement.
The two rental agreements are substantially the same form contracts, and both agreements were even executed in a similar manner (including one witness to the signature of the landlord and tenant).
It is our conclusion, therefore, that the second agreement was not a "new lease" as contended by the appellee, but merely constituted an extension by renewal of the first lease. Cf., Kornblum v. Henry E. Mangels Company, Fla.App. 1964, 167 So.2d 16; Leibowitz v. Christo, Fla. 1954, 75 So.2d 692.
*241 Further, we hold that the appellee is estopped to defeat the second lease agreement by asserting Section 689.01 because she and her deceased husband occupied the apartment for almost two years under the similar first rental agreement, making rental payments thereunder. Arvanetes v. Gilbert, Fla.App. 1962, 143 So.2d 825; Lipkin v. Bonita Garden Apartments, Inc., Fla.App. 1960, 122 So.2d 623.
Therefore, for the reasons stated, the final order of dismissal appealed is reversed, and the cause is remanded for further proceedings in accordance with this opinion.
Reversed and remanded.