PER CURIAM.
Rose Weiner was a lessee-resident of an apartment in the Roney Plaza Apartments, owned by appellants. She held under a one year lease which was to expire November 30, 1974. On June 7, 1974, she entered into a written lease of the apartment for a term of two years, to commence on the day following the termination date of her existing lease.
The second lease did not contain any provision with reference to the contingency of death of the lessee during its pendency. In a paragraph entitled “Use” it was provided that the leased premises were to be used by the lessee only as her residence. Further in the lease it was stated that the term Tenant would apply to any person to whom the tenant’s interest passed by operation of law.
Rose Weiner died on August 12, 1974, several months prior to the commencement of the term of the second lease. The ap-pellees are executors under her will.
On November 22, 1974, the lessors filed an action against the executors of the estate of the deceased lessee. In the complaint, as amended on February 21, 1975, by Count I plaintiffs sought declaratory judgment “adjudicating the respective rights of the plaintiffs and the defendants under the renewal lease agreement, for a judgment for accrued unpaid rent”, with interest, costs and attorney’s fees. By Count II plaintiffs sought judgment for rent which had accrued and was unpaid under the one year lease which ended November 30, 1974. By Count III plaintiffs sought judgment for rent which had accrued and was unpaid under the new lease, subsequent to its commencement date of December 1, 1974.
On consideration of motions of the defendants, the court dismissed Count I with prejudice; denied defendants’ motion to dismiss Count II (for rent accrued under the prior lease); and dismissed with prejudice Count III (for rent under the new lease subsequent to December 1, 1974). The defendants have appealed from that order.
The appellants contend the court erred in rejecting Count I, for declaratory judgment as to the rights of the parties *39 under the lease. We hold no error resulted there. By dismissing Count III, by which the plaintiffs claimed entitlement to rents under the new lease commencing December 1, 1974, the court in effect determined the rights of the parties with reference to that lease, in view of the prior death of the named tenant lessee.
Appellants argue further that the court erred in concluding the lessors were not entitled to collect rents under the second lease, in view of the prior death of the lessee. We hold that contention is without merit. The trial court regarded the lease as a personal contract, or an agreement creating a personal relationship. In our view that holding was justified on the facts of this case. From the terms of the lease and the surrounding circumstances it was shown the lease was intended to be only a personal obligation of the lessee, through restriction of its use to be for her residence, from which, necessarily, there may be implied a condition that her death would terminate the lease — a feature against which the lessor could, but in this instance did not, seek protection by some express provision in the lease. This view was expressed in Warnecke v. Estate of Rabenau, Mo.App.1963, 367 S.W.2d 15. The case of Whidden v. Sunny South Packing Co., 120 Fla. 191, 162 So. 503, relied on by the appellants, is distinguishable on the facts, and not applicable to the present situation. That case involved a citrus fruit marketing contract between a grower and a packer where the court held that notwithstanding death of the grower the packer was entitled to performance under the contract, which it was held was not personal to the deceased grower and was equally performable by his representatives.
The holding of the trial court in this case was not in conflict with the holding of this court in Taylor v. Rosman, Fla.App.1975, 312 So.2d 239. The questions involved here and theory upon which this case was decided in the trial court were not involved or discussed in Taylor v. Rosman, supra.
Applicable to this case is the proposition that where a contract is one which, according to its provisions and purposes, may not be as well and fully performed by the personal representative of a contracting party as by the decedent, it would be illogical to assume, in the absence of a provision to the contrary in the contract, that the parties should not have anticipated that upon death of such party during pendency of the contract (or as here prior to its inception), the representative of the deceased party need not perform, such as would result where performance is rendered actually impossible by an act of God. See Moon v. Wilson, 100 Fla. 791, 130 So. 25; Enid Corporation v. Mills, Fla.App.1958, 101 So.2d 906.
Here the contract, which was wholly ex-ecutory at the time of Rose Weiner’s death, was restricted to use of the leased premises by her as her residence. Her untimely death made that impossible, and made impracticable the performance thereof by the executors of her estate. On those facts we are not inclined to fault the trial court for holding the executors were not liable for performance under the said lease.
The order appealed from is affirmed.