DELL, Judge.
Kensington appeals the dismissal with prejudice of its amended complaint to recover rent from the personal representative of the estate of its lessee, Dr. Arthur Lee-Roy.
Dr. Lee-Roy and his family occupied an apartment in The Kensington under a written lease which expired November 30,1980. On June 24, 1980, Dr. Lee-Roy and appellant executed a renewal lease for a two year period beginning December 1, 1980. The renewal lease, among other things, provided that the apartment would be used by the lessee only as a residence for himself and his family, and that the lease would be binding on the heirs, legal representatives, successors and assigns of both lessor and lessee.[1] Dr. Lee-Roy died the day before the renewal lease term began. Appellant-lessor timely filed a claim with Dr. Lee-Roy’s estate for accrued and continuing rent due under the renewal lease. The estate objected and appellant filed suit to recover rents allegedly due under the lease. Appellee moved to dismiss the amended complaint for failure to state a cause of action, arguing that the renewal lease was purely personal in nature, and therefore null and void upon the death of the lessee. The trial court agreed and dismissed the amended complaint, with prejudice. This appeal followed.
Appellant contends that the renewal lease did not constitute a personal contract which terminated upon the death of the lessee.
In deciding whether a contract may be enforced against the estate of a deceased contracting party, the trial court must examine the facts and circumstances of the *1078 particular case. Frissell v. Nichols, 94 Fla. 403, 409-10, 114 So. 431, 434 (1927). The trial court in the present case ruled that the use restriction clause in the renewal lease overrode the clause binding the heirs, legal representatives, successors and assigns of both lessor and lessee and therefore dismissed the amended complaint against ap-pellee, personal representatives of the lessee’s estate.
An express clause binding the heirs, legal representatives, successors and assigns of the parties to a lease negates an argument that such lease constitutes a purely personal obligation of the lessee. In Re Estate of Church, 504 S.W.2d 214 (Mo.Ct.App.1973); In Re Estate of Lewis, 492 S.W.2d 385 (Mo.Ct.App.1973); Gross v. Peskin, 101 N.J. Super. 468, 244 A.2d 692 (App.Div.1968). Here the lease not only contains a clause binding the heirs, executors and assigns of the lessor and lessee, but also contains a clause allowing the lessee or his successors to assign the lease with the consent of the lessor. This ability to assign the lease, which could have been exercised by appellee as personal representative of the lessee’s estate, also diminishes the personal nature of this lease.
The trial court misplaced its reliance on Frankel v. Bernstein, 334 So.2d 37 (Fla. 3d DCA 1976), cert. denied, 345 So.2d 422 (Fla.1977). The Frankel decision upheld a ruling that a' lease containing a use restriction constituted a personal contract which did not bind the lessee’s estate. The lessor in Frankel could have avoided this result by including an express binding clause in the lease.
From the terms of the lease and the surrounding circumstances it was shown the lease was intended to be only a personal obligation of the lessee, through restriction of its use to be for her residence, from which, necessarily, there may be implied a condition that her death would terminate the lease — a feature against which the lessor could, but in this instance did not, seek protection by some express provision in the léase.
Id. at 39 (Emphasis added).
The lease before us contained a provision binding the heirs, successors and assigns of Dr. Lee-Roy and it did not limit the use of the premises to only Dr. Lee-Roy. The amended complaint did state a cause of action and should not have been dismissed.
Accordingly, we reverse and remand for reinstatement of appellant’s amended complaint.
REVERSED and REMANDED.
HURLEY, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.

. The relevant paragraphs of the renewal lease are reproduced below:
6. USE: LESSEE will use the Apartment only as the place of residence of LESSEE and LESSEE’S family. LESSEE may entertain and houseguests in the Apartment from time to time, but such privilege may be cancelled by LESSOR at any time and from time to time if in the sole judgment of LESSOR the exercise by LESSEE of such privilege is undesirable. LESSEE, LESSEE’S family and LESSEE’S guests shall not permit not perform any practice that may be illegal or may damage the reputation of or otherwise be injurious to The Kensington or be disturbing to other lessees or adversely affect the ability of LESSOR to operate The Kensington or increase the rate of insurance on The Kens-ington. LESSEE shall not conduct or permit to be conducted any business of any kind in or from the Apartment. LESSEE agrees to comply with the Rules and Regulations made a part of this Lease and with such other rules and regulations governing the use of The Kensington as the LESSOR may adopt from time to time, it being understood that such other rules and regulations shall be binding upon LESSEE from the time they are furnished to LESSEE in the manner provided herein.
:j« sfc 4s * sf: sfs
24. ENTIRE AGREEMENT AND BINDING CLAUSE: This Lease contains the entire agreement between the parties, and all prior agreements and representations, oral or written, are merged herein. No change, modification or amendment to this Lease shall be valid unless the same is in writing and signed by LESSOR and LESSEE. This Lease shall be binding upon LESSOR and LESSEE and their respective heirs, legal representatives, successors and assigns. The invalidity or unenforceability of any part, portion or provision hereof shall not effect the validity or enforceability of any other part, portion or provision of this Lease. The terms LESSOR and LESSEE shall be deemed to include the person or persons originally named herein in such capacities and their successors and wherever LESSOR or LESSEE shall be more than one person, the obligations under this Lease shall be joint and several, although notice to all persons constituting LESSOR and LESSEE hereunder shall be binding upon when served upon any one person included within such designation.