## ROBERTS v. LOWER COAST LUMBER CO., Inc. *

### No. 16356.

Court of Appeal of Louisiana. Orleans.
March 9, 1936.

Rehearing Denied March 23, 1936.

Oliver S. Livaudais, of New Orleans, for appellant.

Baldwin J. Allen, of New Orleans, for appellee.

McCALEB, Judge.

G. J. Roberts worked as a laborer in defendant's employ from March 27, 1933, through July, 1935. He was to receive $2.-50 for each day he worked.

He now claims that defendant owes him $223.36, the balance due on wages earned

over the above period, filing with his petition an account of the number of days he worked and the amounts earned less payments made by the defendant.

The answer admits the employment of plaintiff, but denies any indebtedness to him.

After a trial the lower court found for plaintiff in the sum sued for. The defendant has appealed.

This case involves questions of fact. Defendant concedes that the plaintiff was hired by it, but contends that the evidence adduced in the city court shows that it is indebted to the plaintiff in the sum of $22.83, and not in the amount sued for. In view of these circumstances, it is necessary for us to briefly review the evidence respecting the account between the parties.

Plaintiff testified that the amount for which he sues represents the balance due him, and supports his statement with daily account sheets kept by him during the period of his employment showing the number of days he claims to have worked and the payments made by the defendant. A summary of these accounts kept by plaintiff exhibits that he worked 228 days in 1933, 270¼ days in 1934, and 96 days in 1935, or a total of 594¼ days' labor. At the rate of $2.50 per day, he earned a total of $1,485.63 during the entire period of his employment.

Plaintiff admits that the defendant has paid him on account as follows: $515.20 in 1933, $579.50 in 1934 and $163.00 in 1935, or a total payment of $1,257.70. Deducting this amount from $1,485.63, leaves a balance due to plaintiff to $227.93 now owed to him by defendant if his account is correct. However, he sues for $223.36, and can recover not more than this amount.

To offset plaintiff's evidence, defendant tenders an audit of its books made two days prior to the trial below, by which it attempts to show indebtedness to plaintiff in the sum of $22.83. The audit has not been filed with the transcript, but is unimportant to the decision here, as we have before us the evidence of S. P. Baudier, who made the audit, and Johnnie Pennison, defendant's timekeeper.

Defendant has also offered the evidence of Mr. E. G. Gardiner, its manager and secretary, who testified regarding cash payments made by him to plaintiff; but he is unable to say the amount of total cash payments made, or give the time thereof.

The testimony of Pennison, the timekeeper, shows that plaintiff worked 210½ days in 1933, 250½ days in 1934, and 89½ days in 1935, making a total of 550½ days. At $2.50 per day the gross earnings would be $1,377.75.

Baudier, the auditor, testified that plaintiff was paid on account the sum of $556.60 in 1933, $606.50 in 1934, and $169 in 1935, or a total of $1,332.

Comparing this testimony with that of Pennison shows that defendant's indebtedness would be the difference between $1,377.75 and $1,332, or $45.75. Of course, Baudier makes his analysis upon figures given to him by some one in defendant's employ and he has no personal knowledge of the payments alleged to be made.

Although it was testified that most of the payments were made by check, none of the canceled checks were produced at the trial. There is considerable doubt also with regard to the cash payments alleged to have been made to the plaintiff. Defendant's bookkeeper who evidently made the entries of the cash payments was not called to testify.

On the other hand, we find from the account which was kept by the plaintiff that he has carefully set forth each day he worked. He has meticulously jotted down all payments made to him, the dates thereof, and whether such payments were made by check or cash, and even includes all small payments of 10 cents, 25 cents, and 50 cents. The trial judge was evidently convinced that plaintiff's testimony was genuine. Seeing and hearing the witnesses, he is in a better position than we are to determine the veracity of their statements, and his conclusions on questions of fact will not be disturbed unless there is an apparent miscarriage of justice.

There is nothing in the record exhibiting obvious error. It follows that the judgment appealed from should be affirmed.

However, the lower court neglected to give defendant credit for a $10 payment made on account after the suit was filed, evidently through oversight.

For this reason the judgment of the lower court is hereby amended by reducing the same to $213.36 and, as thus amended, is affirmed; defendant to pay costs of both courts.

Amended and affirmed.