PER CURIAM.
The defendant and counterclaimant by petition for certiorari seeks reversal of the trial court’s order upon plaintiff’s motion for summary judgment. The order reads in part as follows:
“1. That the plaintiff, Town and Beach Plumbing Co., Inc.’s Motion for Summary Judgment and Motion for Partial Summary Judgment be and the same are hereby denied conditioned upon:
“a) The defendant, Deauville Operating Corp., paying to the plaintiff, Town and Beach Plumbing Co. Inc., the sum of $42,345.80, which sum is the amount of the Mechanic’s Lien sought to be enforced by the said plaintiff together with interest from September 20, 1958, at the rate of six (6%) per cent per annum, in the amount of $4,-475.50, totaling in all the sum of $47,-121.30. The total sum to be paid to the said plaintiff within twenty (20) days from the date of this order.
“b) The plaintiff, Town and Beach Plumbing Co., Inc., shall simultaneously execute and deliver to the said defendant a good and sufficient bond in the sum of $50,000.00. The bond shall be conditioned upon the said plaintiff satisfying any judgment, including costs and interest which the said defendant obtains against the said plaintiff in this cause, and otherwise the bond is to be null and void.
“c) In the event the said plaintiff fails to recover the entire amount of its claim against the said defendant, the costs of the bond shall be prorated, based upon the amount the plaintiff recovers, and the same shall be taxed as costs against the said defendant.”
Summary judgment proceedings are designed to eliminate the necessity of trial upon issues made by the pleadings and upon which there is no genuine issue of material fact and the moving party is upon such facts entitled to a judgment as a matter of law. Under such proceedings the trial court is not authorized by the Florida Rules of Civil Procedure to condition the entry or denial of judgment upon the performance of acts of the parties. We cannot therefore consider the ultimate effect of the order inasmuch as it affirmatively appears it is based upon Rule 1.36, Florida Rules of Civil Procedure, 30 F.S.A., which will not support it.
The petition for certiorari is therefore granted and the trial court’s order on June 24, 1960 denying plaintiff’s motion for summary judgment upon condition is quashed.
HORTON, C. J„ and PEARSON and CARROLL, CHAS., JJ., concur.