STURGIS, Judge.
This is an appeal from an order finally-dismissing a suit for reformation of a mortgage and assignments thereof.
Bevis Construction Co., Inc., the mortgagee, and Gulf Investments and First National Bank of Tampa, the successive assignees, sued Carl R. Grace and wife, the mortgagors, and Town Finance Company and A. Z. Alford, allegedly interested parties, to reform a mortgage dated June 3, 1957, given to secure mortgagors’ promissory note of that date in favor of mortgagee in the principal sum of $3,750.00. The basis for reformation was an alleged mutual mistake of the parties to the mortgage and assignments in describing the mortgaged premises as “Lot 7” rather than “Lot 8” of Block 115, Subdivision No. 6, Pine Crest Addition to Valparaiso, according to the public records of Okaloosa County, Florida.
The parties stipulated that “Town Finance Company has been satisfied and is now out of the case.” It is presumed that the purpose was to have Town Finance Company, who has not demonstrated any interest in the event of this suit, dismissed as a party defendant.
The chancellor first entered an order dismissing the complaint in its entirety on the ground that it failed to show that defendant Alford “had knowledge of the alleged mutual mistake,” which order was reversed. See Bevis Construction Co. v. Grace, 115 So.2d 84, 85 (Fla.App.1959). This defendant’s answer avers that he is without knowledge of the several matters alleged by the complaint “other than that he has purchased * * * without knowledge of any claim of the plaintiffs or either of them,” and that he entered into possession prior to the commencement of this suit and has continued to actually occupy Lot 8 since purchasing the same. He did not state the date of purchase or attach any written documents relating thereto.
The answer of the defendant mortgagors generally denied knowledge of all allegations of the complaint that were not directly connected with the mortgage sought to be reformed. It admitted that on June 3, 1957, they owned Lot 7 (the lot described in the mortgage) and without saying more denied ownership of Lot 8 “on that date.” They admit the execution and delivery on June 3,1957, to Bevis Construction Co., Inc., of the mortgage and promissory note in suit. Answering paragraph 14 of the complaint, which alleges an apparent claim of defendant Alford to Lot 8, mortgagor Carl R. Grace “explains paragraph fourteen by stating that he sold on contract to A. Z. Alford lots eight and nine.” The mortgagors’ answer asserts, inter alia, that they “will affirmatively show that the plaintiffs are guilty of laches”, “will affirmatively show that it was the intention of the parties that said Lot 7 be subjected to lien”, “will affirmatively show that it was not the intention of the parties that said lots 8 * * * be subjected to lien”, “will affirmatively show that there was no mutuality of mistake”, “will affirmatively show that Bevis Construction Company made a unilateral mistake in locating and constructing the house on Lot 8, after the execution and delivery of said note and mortgage”, and “will affirmatively show that Lot 7 * * * was on February 14, 1959, at the instance of Bevis Construction Company” deeded to it by defendants Grace and wife. Assuming that each of such showings might have been germane to the issues — a matter which we do not attempt to resolve on this appeal — , the fact remains that no attempt was made by mortgagors to make any material “affirmative” showings, nor are they otherwise established by the record. Indeed, whatever ability the defendants might have had to establish an effective defense to the complaint was cut off *518 by the order appealed, which was entered pursuant to their motion and inferentially held that plaintiff’s proofs were insufficient to make out a prima facie case for relief.
Plaintiff’s uncontradicted proofs reflect that on June 3, 1957, the defendant mortgagors executed and delivered to plaintiff a mortgage erroneously describing “Lot 7”, etc., supra, as the property pledged to secure their promissory note of that date in favor of plaintiff for $3,750.00 principal, plus 6'% interest on unpaid balances; that said mortgage and the note secured thereby were assigned first to Gulf Investments and then to First National Bank of Tampa, using the same erroneous property description. The note was payable at the rate of $73.47 per month. The mortgagors covenanted to keep the buildings then or thereafter erected on the mortgaged premises insured against risk by fire in a sum of not less than $3,750.00. There was no dwelling on the described “Lot 7”, nor was any contemplated to be built thereon by Bevis Construction Co., Inc., who received the note and mortgage as an incident to the construction of a dwelling on Lot 8 during the period between the 3rd and 14th of June, 1957. Plaintiff’s proofs reflect a clear intention of the parties to give and take a mortgage on Lot 8. Ralph Ever-age, a witness for plaintiff, testified that Carl R. Grace, the defendant mortgagor, was on the building site the morning the lumber was brought down and said to Everage, “Well here we are boys, you can start where I left off.” That statement had reference to the fact that the house foundation, seals, and part of the floors and joists were already in place on Lot 8, having been put there by Grace. When the building was completed Grace signed a certificate of completion and made no objection as to its location.
Upon submitting these proofs plaintiff rested. Thereupon defendant Alford asked that he be “removed from this suit” on the ground that there was no testimony respecting him. Defendants Carl R. and Emmer L. Grace, the mortgagors, moved the court to dismiss the complaint. Counsel for all defendants addressed the following remarks to the court:
“They have brought here there asking that their mortgage be reformed. They have introduced here a mortgage that was executed on the 3rd day of June, 1957. They have shown by their own testimony that there was no construction started by Bevis Construction Company on this property of this house, that is, the house was not started until after the 3rd day of June, 1957. Therefore, that the plaintiff in seeking a reformation of the mortgage could not very well come in and say that a subsequent act and mistake in locating the house on a different lot where they had taken a prior mortgage on the intention of the parties to have given a different mortgage. That the error they have shown if they made an error, the error was made in the location of the building and not in the description as contained in that mortgage. That is the evidence as to that fact is overwhelming in this case. As to reformation, if they are in the wrong church — they may be in the right church but in the wrong pew. I ask the Court for a dismissal of this case as to Carl R. and Emmer L. Grace on the theory that they are not entitled to a reformation of the mortgage. They are trying to correct a mistake with connection of the mortgage of the building.” (Sic.)
We quote the above remarks because ap-pellees have not filed a brief on this appeal. That statement, therefore, is the only theory of appellees’ position reflected by the record before this court. Immediately following that statement the chancellor announced: “Court at this time will dismiss the cause of action.” No proofs were offered on the part of the defendants. Thereupon the order of dismissal now on appeal was entered “with prejudice for failure of the plaintiff to prove mutual mistake on part of the parties.”
Plaintiff’s uncontradicted evidence clearly makes out a prima facie case for *519 reformation of the mortgage and assignments thereof so as to describe Lot 8 as the mortgaged premises. The dwelling was constructed at the place designated by the mortgagors. On the present record the mutual mistake, as between the immediate parties to the mortgage, was in failing to properly describe the mortgaged property according to the lot upon which the dwelling was constructed, as was the intention of the parties.
The facts relating to defendant Alford’s alleged bona fide purchase for value of Lot 8 are peculiarly within his knowledge. As of now he has shown nothing to support that premise. In the opinion disposing of the former appeal in this suit we announced that any interest which he may be able to establish under a contract of purchase with the owner will be protected if it is established that he is a bona fide purchaser without notice of the mutual mistake alleged in the complaint. Holley v. May, 75 So.2d 696 (Fla.1954).
The facts in this case provide a clear basis for application of the principle that equity will reform an instrument to prevent manifest injustice and to express the true intent of - the parties. This is done under the familiar maxim that equity treats that as done which ought to have been done; and to that end will open the written contract to let in an equity arising from facts altogether distinct from the sense and construction of the instrument itself. 5 Fla.Jur., Cancellation, Reformation, Etc., Sec. 57. The remedy is more readily available where the plaintiff’s equity is not met by opposing equities. Smith v. Pattishall, 127 Fla. 474, 176 So. 568; 129 Fla. 498, 176 So. 568.
The order appealed is reversed and the cause remanded for proceedings consistent herewith.
WIGGINTON, J., concurs.
CARROLL, DONALD K., C. J., dissents.