201 So.2d 804 (1967)
Shirley LANE and William H. Lane, Her Husband, Appellants,
v.
Arthur N. COHEN, Appellee.
No. 66-890.
District Court of Appeal of Florida. Third District.
August 8, 1967.
Rehearing Denied September 12, 1967.
Hawkesworth & Kay and William F. Sullivan, IV, Miami, for appellants.
Greenwald & Blutstein, Miami, Joseph A. Varon, Hollywood, for appellee.
Before PEARSON and HENDRY, JJ., and DURDEN, WILLIAM L., Associate Judge.
PEARSON, Judge.
The plaintiff appeals a summary final judgment for the defendant. The complaint alleged negligence by the defendant, doctor, in the manner of performance of an operation. It was also alleged that the doctor "carelessly, unskillfully, and negligently examined and advised" the plaintiff that he was sterile. The pleadings and depositions on file show that there was no genuine issue as to any material fact, and that the defendant was entitled to a judgment as a matter of law.
The depositions establish without conflict that the plaintiff employed the defendant to perform an operation known as a vasectomy. This operation is designed to render a male incapable of procreation. The facts before the court further establish without conflict that in a small percentage of instances the operation is unsuccessful. In this instance plaintiff's wife conceived some time after the operation.
The deposition of plaintiff demonstrates that the plaintiff is completely without proofs to sustain his complaint. See Food Fair Stores of Florida, Inc. v. Patty, Fla. 1959, 109 So.2d 5. It affirmatively appears that the sole factual basis for plaintiff's claim of negligence was evidence that the operation was not an unqualified success. Inasmuch as physicians are not insurers of the success of their treatment, this fact did not create an issue on the charge of medical negligence. See Levin v. Rosenblum, Fla.App. 1961, 133 So.2d 577.
It is suggested that the doctor orally guaranteed the success of the operation. The pleadings do not present such an issue. See Deauville Operating Corp. v. Town and Beach Pl. Co., Fla.App. 1960, 123 So.2d 353.
Affirmed.