411 So.2d 1341 (1982)
John V. PHILPOT, Appellant,
v.
Edwin L. BOUCHELLE, Jr., Appellee.
No. AC-357.
District Court of Appeal of Florida, First District.
March 22, 1982.
*1342 Marlin M. Feagle, Lake City, for appellant.
Frederick L. Koberlein of Brannon, Brown, Norris, Vocelle, Haley, Brown & Robinson, Lake City, for appellee.
ERVIN, Judge.
Philpot (the lessor) appeals from a final judgment entered in accordance with a jury verdict finding him in breach of a lease/option to purchase contract. Philpot contends that the trial court erred in refusing to grant his motions for directed verdict. We agree and reverse.
First, we reject the appellee's argument that the appellant did not properly preserve the issue for review. The record reveals that the appellant made a motion for directed verdict both at the close of the appellee's case-in-chief and at the close of the case. Additionally, he renewed his motion at the charge conference after all the the evidence had been presented. Therefore, the issue has been preserved. See 6551 Collins Avenue Corp. v. Millen, 104 So.2d 337 (Fla. 1958).
As to the merits of the appeal, the record reveals that on or about June 10, 1979, the parties entered into a 12-month lease agreement providing for the rental of Philpot's condominium unit, which agreement, by its terms, extended from June 15, 1979 to June 14, 1980. The appellee agreed to pay the annual sum of $5,400, in increments of $450 per month, beginning the 15th day of each month. Paragraph 14 of the lease provided that appellee could exercise his option to purchase from November 15, 1979 to April 15, 1980. The appellee was to provide $1,000 in consideration in the form of personal note that was payable within 90 days to the appellee. It was also provided that the lessee/appellee was to spend a minimum of $2,500 for the purpose of installing carpeting, window tint, sun shading, interior painting, double glass thermal, and noise resistant windows within five months after the execution of the lease. And the lessee was required as of November 15, 1979, to furnish the lessor with "satisfactory evidence" of $2,500 worth of completed improvements. If these improvements were *1343 not documented by that date, the option was to be null and void.
Paragraph 15 of the contract provides:
The rights of the lessor under the foregoing shall be cumulative and the failure on the part of the lessor to exercise properly any rights given hereunder shall not operate to forfeit any of the said rights.

(e.s.)
Paragraph 16 of the contract further provides: "It is understood and agreed between the parties hereto that time is of the essence of this contract and applies to all terms and conditions contained herein."
The appellee wrote to the appellant on April 11, 1980, informing him that he desired to exercise the option. The appellant replied by letter dated April 16, 1980, that the appellee had not satisfied the conditions precedent to the permissible exercise of the option due to his failure to pay timely the monthly rental amounts, and to install no less than $2,500 in improvements to the unit pursuant to the terms of the agreement. The appellee, under threat of eviction, moved out of the condominium on June 23, 1980. Shortly thereafter, the appellee sued for breach of contract. The case then proceeded to a jury trial.
The appellee's case-in-chief at trial consisted primarily of his testimony. He testified that he substantially accomplished all the conditions of the lease and the option. Although he admitted that his rent payments and the payment on the note had been late, he stated that the appellant had accepted all of his late payments "graciously." He also admitted that all of the $2,500 worth of improvements had not been completed by November 15, 1979, but that he did have all the improvements under contract at that time. He testified that he had replaced the carpets in the condominium, which constituted the major share of the $2,500 by the time he moved into the condominium in June, 1979, and that he had returned the old carpets to the appellant. He admitted, however, that the appellant did not actually see the new carpet installed inside the condominium, or know its exact cost. The appellee's wife nevertheless testified that the appellant's wife had seen it within the unit. The appellee also testified that he ultimately made over $2,500 worth of improvements to the condominium, and he furnished documentation of these improvements when requested by the appellant in his letter of April 16, 1980. The other improvements consisted of vinyl tiling work and new curtains. According to the appellee, the appellant never warned him that his late performance caused a forfeiture of the option until the appellee received the April 16 letter from the appellant. The appellee, moreover, testified that he did not notice the appellant had endorsed the reverse side of his rent payment checks with limited endorsements to the effect that the payments were accepted under protest; that the option was considered null and void; that the lease had been broken and that the appellant now considered the rental to be on a month-to-month basis. Although he did not scrutinize the endorsements, he admitted that his accountant normally processed his checks and thoroughly reviewed them.
The appellant testified in defense that the purpose of the conditions of the options, which was communicated to the appellee at the time of the execution of the lease, was to provide assurances to appellant by November 15, 1979, that the appellee intended to exercise the option in order for appellant to purchase other property in New Port Richey. He did not deny that he allowed tardy performance on the early rent payments and on the note; however, in January, 1980, he informed the appellant that the option in the lease had been broken because of the appellant's untimely payments. At that time, the appellee tendered late checks for the October, November and December rental months. The appellant also admitted that while he suspected the appellee had placed new carpeting in the condominium, he did not have any actual knowledge of this prior to April, 1980.
If not for paragraph 15 of the parties' contract, we would agree that the issue as to whether the appellant waived the conditions necessary to the exercise of the *1344 option was a jury question and that there was competent, substantial evidence supporting the jury's decision. The law is clear that a lessor is estopped to assert a forfeiture for a breach of covenant or condition in a lease, or waives his right to such a forfeiture, if, after the breach of covenant, he accepts rent from his tenant with knowledge or full notice thereof. Farmers' Bank and Trust Co. v. Palms Pub. Co., 86 Fla. 371, 98 So. 143 (1923); Moskos v. Hand, 247 So.2d 795 (Fla. 4th DCA 1971). Even when time is made of the essence of a contract, such provision can also be waived by the party to whom the benefit inures. Shouse v. Doane, 39 Fla. 95, 21 So. 807 (1897).
The difficulty in applying the above rule to the case before us is that the parties contractually agreed in paragraph 15 that the acceptance of late performance by the lessor would not constitute a waiver of the lessor's rights. Thus, the lessor, by accepting appellee's late performance, can hardly be considered as dealing inconsistently with the terms of the contract.
We consider that the parties contractually modified the common law rules of waiver and estoppel, and their modification does not conflict with any public policy. We have found no Florida cases, nor have the parties cited any, which deal with a clause such as the one provided in paragraph 15 of the lease. Other jurisdictions, however, have upheld the validity of clauses similar to those stated in paragraph 15. See Karbelnig v. Brothwell, 244 Cal. App.2d 333, 53 Cal. Rptr. 335 (1966); In re: Wil-Low Cafeterias, Inc., 95 F.2d 306 (2d Cir.1938), cert. denied, 304 U.S. 567, 58 S.Ct. 950, 82 L.Ed. 1533; Vintaloro v. Pappas, 310 Ill. 115, 141 N.E. 377 (1923); U.S.A. Petroleum Corp. v. Jopat Building Corp., 343 So.2d 501 (Ala. 1977). Karbelnig v. Brothwell, supra, is particularly instructive. There a lower court held that the lessor's acceptance of the lessee's late payment of rent constituted a waiver of the contractual terms regarding breach. The lower court arrived at this conclusion even though paragraph 27 of the lease contract provided as follows:
WAIVER. A waiver by Lessor of any breach of any term, covenant or condition herein contained shall not be deemed to be a waiver of such term, covenant, or condition or any subsequent breach of the same or any other term, covenant or condition herein contained. The subsequent acceptance of rent hereunder by Lessor shall not be deemed to be a waiver of any preceding breach by Lessee of any term, covenant or condition of this lease, other than the failure of lessee to pay the particular rental so accepted, regardless of Lessor's knowledge of such preceding breach at the time of acceptance of such rent.
In its reversal, the California appellate court concluded:
The express agreement on the part of the lessees, which was binding upon the assignees, to the effect that the acceptance of rent by the lessor after knowledge of the breach of a covenant should not be deemed a waiver of such breach, is tantamount to a relinquishment of the right of the lessees and their assignees, to assert a waiver of estoppel, unless there has been an express waiver on the part of the lessor of the right reserved, or there has been conduct on the part of the lessor, other than the acceptance of rent, upon which the lessees or their assignees could lawfully assert an estoppel or declare a forfeiture.
Karbelnig, supra, at 53 Cal. Rptr. 341.
The court found that the lessor had not expressly waived his rights and had done nothing  other than the acceptance of the late rent  upon which an estoppel could be asserted.
Similarly, in the instant case, the appellant/lessor did not expressly waive any of his rights, and the only substantial evidence of implied waiver was his acceptance of late rental payments, and acceptance of improvements to the condominium unit  actions which were not inconsistent with the language of paragraph 15 of the contract. That language is arguably broader in its effect than the language provided in paragraph 27 of the lease involved in Karbelnig, *1345 as the former applies to the non-forfeiture of "any rights"  not just the acceptance of untimely rent.
To conclude, because Philpot acted consistently with paragraph 15 of the contract, he cannot be deemed to have waived the appellee's failure of performance. Therefore, Philpot was correct in his position that the conditions of the option to purchase had not been satisfied. Accordingly, the trial court should have granted Philpot's motion for directed verdict as he was not in breach of contract.
Because of our holding on the above point, appellant's third point concerning rejected jury instructions is now moot.
Reversed and remanded for further consistent proceedings.
McCORD and SHAW, JJ., concur.