# INVESTMENT & INCOME REALTY, INC. v. BENTLEY

## Case No. CO85-786

County Court, Orange County

March 29, 1985

### APPEARANCES OF COUNSEL

**Bruce Nants** for plaintiff.

**Homero Leon, Jr.,** Greater Orlando Area Legal Services, Inc., for defendant.

### OPINION OF THE COURT

JANIS MARY HALKER, County Judge.

This cause is before the Court on the Defendant's Motion for a Directed Verdict which the Court treats as a Motion for Involuntary Dismissal under Rule 1.420(b), Fla. R. Civ. P., since this action was tried by the Court without a jury. After considering the testimony,

exhibits in evidence, applicable legal authorities and the arguments of counsel, the Court makes the following

FINDINGS OF FACT AND CONCLUSIONS OF LAW

I. FINDINGS OF FACT

A. Plaintiff, Investment & Income Realty, Inc., is the Landlord of certain residential property in Orange County that was rented to Defendant, Peggy Bentley, (Tenant) on February 10, 1984 pursuant to a written lease without a specific term providing for rent payments of $225.00 per month on the first day of each month.

B. On February 5, 1985 the Landlord mailed to the Tenant a document entitled "Pay Rent or Move" which provides in pertinent part:

YOU ARE HEREBY ADVISED THAT YOU ARE INDEBTED TO ME IN THE SUM OF:

$225.00

FOR THE RENT AND USE OF THE PREMISES STATED ABOVE AND NOW OCCUPIED BY YOU, AND THAT I DEMAND PAYMENT OF SAID RENT OR POSSESSION OF SAID PREMISES WITHIN 3 DAYS (EXCLUDING SATURDAYS, SUNDAYS, AND LEGAL HOLIDAYS) FROM THE DATE OF DELIVERY OF THIS NOTE, TO WIT ON OR BEFORE:

11 FEBRUARY 1985

IF YOU DO NOT PAY THIS AMOUNT THEN YOU SHALL BE EVICTED

THE LANDLORD SHALL RECOVER FROM YOU ALL UNPAID RENT, ALL CHARGES, ALL COURT COSTS, HIS ATTORNEYS FEES, ALL EVICTION COSTS, ALL COLLECTION AGENCY FEES, AND CREDIT BUREAU COSTS INCURRED BY THE LANDLORD TO RECOVER THE PREMISES AND MONIES OWED.

C. On February 15, 1985 the Landlord filed this action for eviction based upon Tenant's failure to pay rent as demanded in the notice to "Pay Rent or Move".

D. On February 16, 1985, Tenant mailed to Landlord a money order in the amount of $235.00 which was received by the Landlord on February 18, 1985. This money order was held by the Landlord but not negotiated.

E. On February 22, 1985 Tenant was served with the Complaint for Tenant Eviction.

F. On February 23, 1985 Landlord received by mail a money order from Tenant in the amount of $205.00. This money order was held by the Landlord but not negotiated.

G. On March 12, 1985 Landlord received by mail a money order from Tenant in the amount of $200.00. This money order was held by the Landlord but not negotiated. On the same day, the Landlord obtained a Default and Final Judgment against the Tenant as a result of her failure to answer the Complaint for Tenant Eviction. On March 18, 1985 the Default and Final Judgment were set aside by the Court after hearing, and trial was set for March 22, 1985.

H. The Lease contains the following provisions:

\* \* \*

All notices, demands, rent payments and correspondence shall be in writing and shall be delivered to the Landlord who is: INVEST-MENT & INCOME REALTY, INC., P.O. BOX 1985, Maitland, FL. 32751-1985. The Landlord's phone number is (305) 628-3515.

The Security Deposit is $225.00. The rent is $225.00 per month, payable in advance and is due and owing on the first day of each month. All payments are to be made in whole dollar amounts by money order only and are to be sent by mail at Tenant's risk to the Landlord. The date received governs the date of payment. Landlord may change the amount of rent upon fifteen days written notice prior to the end of any monthly rental period.

\* \* \*

The acceptance by the landlord of late or partial payment of rent shall not under any circumstances constitute a waiver of any rights of the Landlord.

\* \* \*

## II. CONCLUSIONS OF LAW

A. The landlord's action for eviction is premature because it was filed before the tenant's time to pay rent or vacate expired under the notice given pursuant to Florida Statutes 83.56(3) and (4) (1983).

Florida Statutes 83.56(3) and (4) provide:

(3) If the tenant fails to pay rent when due and the default continues for 3 days, excluding Saturday, Sunday, and legal holidays, after delivery of written demand by the landlord for payment of the rent or possession of the premises, the landlord may terminate the rental agreement. The 3-day notice shall contain a statement in substantially the following form:

42

You are hereby notified that you are indebted to me in the sum of ____ dollars for the rent and use of the premises *(address of leased premises, including county,* Florida, now occupied by you and that I demand payment of the rent or possession of the premises within 3 days (excluding Saturday, Sunday, and legal holidays) from the date of delivery of this notice, to wit: on or before the _____ day of _____, 19__.

*landlord's name, address and phone number*

(4) The delivery of the written notices required by subsections (1), (2), and (3) shall be by mailing or delivery of a true copy thereof or, if the tenant is absent from his last or usual place of residence, by leaving a copy thereof at the residence.

Although Florida Statutes 83.56(4) permits delivery of the 3-day notice under Florida Statute 83.56(3) by mailing, neither section provides for additional time for the tenant to comply with the notice after service by mail. In this case, the notice was mailed on February 5 demanding payment by February 11 allowed only four (4) days from mailing (after excluding Saturday and Sunday, February 9 and 10) for the tenant to pay or vacate. Thus, the landlord added one day to the tenant's time for compliance as the result of effecting delivery by mail.

Tenant argues that Rule 1.090(e) of the Florida Rules of Civil Procedure must be applied to the delivery of the notice by mailing under Florida Statute 83.56(3). That rule provides:

When a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, five days shall be added to the prescribed period.

In determining whether Rule. 1.090(e) applies to the notice prescribed in Florida Statute 83.56(3) it is necessary to ascertain whether the 3-day time period set forth in the statute for the tenant to comply with the notice is a matter of substantive law or practice and procedure. If it can be characterized as relating to practice and procedure, then it is governed by the Rules of Civil Procedure promulgated by the Florida Supreme Court. *State v. Smith,* 360 So.2d 489 (Fla. 1972); Fla. Const. Art. V, Section 2(a); *In Re Clarification of Florida Rules of Prac. and Pro.,* 281 So.2d 204 (Fla. 1973). After applying the tests espoused by Justice Adkins in *In Re Florida Rules of Criminal Procedure,* 272 So.2d 65 (Fla. 1972), for determining whether a statutory provision is substantive or procedural it is clear that the 3-day time period pre-scribed in Florida Statutes 83.56(3) is procedural. Delivery of a proper

**43**

notice under this statute is a prerequisite to the landlord's right to file an action for eviction under Florida Statutes 83.59 because it is the only method by which the landlord may terminate the rental agreement for non-payment of rent. The time period after delivery of the notice within which the tenant must either pay rent or vacate does not create a substantive right but rather governs the means or method by which the landlord may enforce its substantive rights under its lease contract. In *Berry v. Clement*, 346 So.2d 105 (Fla. 2d DCA 1977) it was held that what is now Rule 1.090(a), Fla.R.Civ.P. applies to Florida Statutes 51.011 (the "Summary Procedure Statute") and that pursuant to the rule intermediate Saturdays and Sundays must be excluded in computing the 5-day period for filing an answer to a complaint for eviction prescribed by the statute. In *Greer v. Estate of Smith*, 342 So.2d 1007 (Fla. 4th DCA 1977) the Court held that Rule 1.090(e) applied for the purpose of calculating the last day on which a suit could be filed after service by mail of an objection to a claim against an estate. In *Daly Aluminum Products, Inc. v. Stockslager*, 244 So.2d 528 (Fla. 2d DCA 1970) a suit by a subcontractor against the property owner, the court applied Rule 1.090(a) (regarding the exclusion of Sundays when the last day to perform an act falls on a Sunday) to hold under a provision of the Mechanic's Lien Law that the subcontractor's Notice to Owner was timely received. There is no reason that Rule 1.090 should not also apply to the computation of a time period governing the performance of acts that must occur before an action for eviction can be filed.

It is therefore held that Rule 1.090(e) governs the notice under Florida Statute 83.56(3). When the notice required by Florida Statute 83.56(3) is delivered by mail, the time for compliance by the tenant is on the tenth day after mailing. In other words, to the 3 days under the statute there must be added 2 days to exclude Saturday and Sunday[1] and 5 days for mailing time under Rule 1.090(e).

In this case, since the notice was mailed on February 5, the last day for the tenant's compliance was February 15. The notice is defective in that it demands payment or possession by February 11. Further, this action was filed on February 15. Under F.S. 83.56(3) the rental agreement could not be terminated until after the proper time under the notice had expired. Therefore, the landlord was not entitled to file this action until after February 15, because its cause of action could

---

[1] This is required by Fla. Stat. 83.56(3) as well as Rule 1.090(a). It may also be necessary in some cases to add additional days to account for legal holidays.

44

not have accrued until after that date.[2] For this reason, the action must be dismissed.

B. The Landlord did not waive the Tenant's default in failing to timely pay rent by retaining tenant's money orders. A landlord's acceptance of rent after the tenant has default in the payment of rent results in a waiver of the landlord's right to bring an action to evict the tenant for non-payment of rent, pursuant to Fla. Stat. 83.56(5) which provides:[3]

> If the landlord accepts rent with actual knowledge of a noncompliance by the tenant or accepts performance by the tenant of any other provision of the rental agreement that is at variance with its provisions, or if the tenant pays rent with actual knowledge of a noncompliance by the landlord or accepts performance by the landlord of any other provision of the rental agreement that is at variance with its provisions, the landlord or tenant waives his right to terminate the rental agreement or to bring a civil action for that noncompliance, but not for any subsequent or continuing noncompliance.

In this case, the Landlord clearly accepted the Tenant's tenders of rental payments. However, the Landlord relies on the provisions of the lease in which it is stipulated that its acceptance of late or partial rent payments is not a waiver of any of its rights. (See paragraph H, Statement of Facts, *supra).* A similar provision in a lease was upheld in *Philpot v. Bouchelle,* 411 So.2d 1341 (Fla. 1st DCA 1982). In that case the Landlord accepted late performance from Tenant of various conditions of a lease-option-to-purchase contract including late payment of rent. Thereafter, the landlord rejected Tenant's exercise of the option to purchase on account of Tenant's tardy performance and the Tenant brought suit for breach of contract. The Court held that although under the common law the Landlord's actions may have constituted a waiver, the lease modified the common law rules of waiver and

---

[2] That the tenant did not mail rent until February 16 is irrelevant because a statutory cause of action cannot be commenced until after compliance with all conditions precedent. *Perry-Morse Seed Co. v. Hitchcock,* 426 So.2d. 958 (Fla. 1983).

[3] Landlord has argued that this section does not apply to evictions for non-payment of rent but only to non-compliances "other than the failure to pay rent," referring to Fla. Stat. 83.56(2). This section relates to the method of termination of a rental agreement for noncompliance with the lease, (other than non-payment of rent), Landlord-Tenant Act or reasonable rules and regulations. Subsection (5), unlike subsection (2), contains no language specifically excluding non-payment of rent from its application. It must therefore be read to apply to all of the non-compliances mentioned in Fla. Stat. 83.56, including the failure to pay rent in subsection (3).

estoppel. The Court further held this provision of the lease did not conflict with any public policy.

The *Philpot* decision is troubling because no reference is made in the opinion to Fla. Stat. 83.56(5) or indeed of any provision of the Landlord-Tenant Act. Of particular concern is Fla.Stat. 83.47(1)(a) which provides:

(1) A provision in a rental agreement is void and unenforceable to the extent that it:

(a) Purports to waive or preclude the rights, remedies, or requirements set forth in this part.

Obviously these statutes are a statement of public policy. It may be that the Court deemed Chapter 83 of the Florida Statutes inapplicable to that part of the lease concerning exercise of the option to purchase, or, that the question of its applicability was not considered. However, any further analysis in this case of the issue of waiver would be a futile intellectual exercise. The *Philpot* decision can be fairly read as sanctioning the freedom of the parties to contract away principles of waiver and estoppel that otherwise would arise in the Landlord-Tenant relationship. It would therefore be improper for this Court to apply a different rule of law on the supposition that the District Court of Appeal failed to consider arguments or statutes that may have produced a different decision. Litigants are entitled to expect adherence to appellate precedent from trial judges so that they may govern their affairs including the drafting of lease contracts according to established legal principles. The specific question of whether provisions in rental agreements such as the one in this case and in *Philpot* are invalid as against Chapter 83 of the Florida Statutes must await further clarification from the appellate courts.

Because this action was prematurely filed for the reasons stated in Part A, Conclusions of Law, it is

ORDERED AND ADJUDGED that this cause is dismissed with prejudice. It is also

FURTHER ORDERED that the Court retains jurisdiction to determine an award of attorney's fees for Defendant's attorneys.