483 So.2d 465 (1986)
CITY OF GAINESVILLE, a Municipal Corporation of the State of Florida, Appellant,
v.
CHARTER LEASING CORPORATION, a Florida Corporation, Appellee.
No. BE-185.
District Court of Appeal of Florida, First District.
February 7, 1986.
Jack M. Ross of Birr, Bryant & Saier, Gainesville, for appellant.
Leonard E. Ireland, Jr. of Clayton, Johnston, Quincey, Ireland, Felder & Gadd, Gainesville, for appellee.
ERVIN, Judge.
The City of Gainesville (City) appeals from a final judgment foreclosing a mortgage secured by a lease on certain premises owned by the City at its airport. The City urges on appeal that the lower court erroneously entered final judgment in favor of appellee on the ground that certain conditions stated in the lease were not complied with by appellee or its predecessors; that a default had occurred under the terms of the lease, and therefore the lower *466 court had no right to enter foreclosure of the mortgage on the leasehold. We affirm.
On June 28, 1979, the City, as lessor, entered into an agreement with Sopwith Camel, Inc., leasing to the latter certain premises located at the Gainesville Regional Airport, in order for Sopwith to conduct a "fixed based" operation, providing aircraft fueling services. Sopwith, in turn, subleased its rights under the lease, with the City's approval, to Dewkat II, Inc. (Dewkat). Dewkat thereafter obtained a loan from the Wauchula State Bank, mortgaging its leasehold as security for the loan. Wauchula State Bank assigned the mortgage and the underlying note to Charter Air Center, which in turn transferred the same to appellee, Charter Leasing Corporation. None of the assignments following the assignment of the note and mortgage to Wauchula State Bank were approved by the City, as, the City contends, the terms of the lease required.
Dewkat eventually defaulted on the note and mortgage and appellee Charter Leasing Corporation brought suit against Dewkat, seeking both foreclosure of the mortgage and declaratory relief as to its interests in the lease. Later joined as a defendant, the City affirmatively defended below, and argues now on appeal that because Dewkat violated certain provisions of its lease with the City before the assignment of the note and mortgage to appellee, and of which appellee was aware, a default under the terms of the lease occurred; that the lease was thereafter terminated, and appellee was therefore not entitled to possession of the premises. The specific breaches of the lease which the City contends occurred, insofar as they are material to this appeal, include: (1) the failure of Dewkat to provide to the City, as required by paragraph 40.b. of the lease, a performance bond or certificate of deposit as security for one year's rent; and (2) the failure of Dewkat or appellee to seek approval from the City for the transfer of the note and mortgage to anyone other than a bank or lending institution for financing purposes, as required by paragraph 15.a. of the lease.
In holding for appellee, notwithstanding Dewkat's failure to post a performance bond or certificate of deposit in the amount of one year's rent, as required in paragraph 40.b. of the lease, the court observed that the evidence revealed that the City had never required the performance of that provision from any lessee or any of the subsequent assignees, and, because of its actions, the City was deemed to have waived the requirement. The City argues that the lower court's determination of waiver was erroneous, in view of paragraph 22 of the lease, relating to waiver of performance, providing:
Failure of the CITY to insist in any one or more instances upon a strict performance by the COMPANY of any of the provisions, terms, covenants, reservations, conditions or stipulations herein shall not be deemed to have been made, in any instance, unless specifically expressed in writing by the CITY as an amendment to this lease.
The City contends that in the absence of any agreement in writing between the parties expressly waiving the City's right to demand either a performance bond or certificate of deposit, no waiver could occur; therefore Dewkat must be considered in default of the lease agreement, and, as appellee was on notice of the default before it accepted the note and mortgage, it had no right to possess the premises.
As authority for its position, the City relies upon this court's opinion in Philpot v. Bouchelle, 411 So.2d 1341, 1343 (Fla. 1st DCA 1982), holding that notwithstanding the lessor's failure to require strict compliance with the terms of the lease, which, among things, specified prompt rental payments by the lessee and $2,500 in improvements to the leased premises by the lessee, the actions of the lessor could not be considered a waiver of the lessor's rights in view of paragraph 15 of the contract, providing: "The rights of the lessor under the foregoing shall be cumulative and the failure on the part of the lessor to exercise properly any rights given hereunder shall *467 not operate to forfeit any of the said rights." (e.s.)
We agree with appellee that the contractual provision regarding waiver in the lease now under consideration is far different from that in Philpot. The Philpot lease specifically provided that the lessor's failure to exercise any of the rights given him under the instrument "shall not operate to forfeit any of the said rights." 411 So.2d at 1343 (e.s). There is no similar provision in the waiver of performance clause on review. We are of the view that if the parties had intended to modify the common law rules of waiver and estoppel, their intention to do so should have been clearly and unambiguously expressed, and will not be assumed from language such as that contained in the document before us; particularly under circumstances in which no evidence was presented as to the intention of the parties regarding the provisions of the lease.
The City next argues that the lower court ignored the provisions of paragraph 15.a., requiring the City's approval of a transfer of any interest in the lease for financing purposes unless such transfer is to a bank or lending institution. Paragraph 15.a. states in pertinent part:
Except for sale or assignment of this lease to a bank or lending institution for financing purposes, no sublease, transfer or assignment by the lessee of this lease or of any part hereof or interest herein, directly or indirectly, voluntarily or involuntarily, shall be made unless such sublease, transfer or assignment is first approved by the CITY in writing, which approval shall not be unreasonably withheld.
(emphasis supplied)
In finding for Charter Leasing Corporation, the lower court determined that the assignments from Wauchula State Bank to Charter Air Center, and from it to Charter Leasing Corporation were not assignments pursuant to paragraph 15.a. of the lease, because the assignments were of a promissory note and a mortgage  not a lease. As such they were not covered by the terms of paragraph 15.a., and therefore no prior approval was required by the City in writing. We agree.
The mortgage upon the leased property given as security for the note to Wauchula State Bank by Dewkat, and subsequently assigned, was not, under the terms of the lease, a "sublease, transfer or assignment by the lessee of this lease or of any ... interest herein". (e.s.) Section 697.02, Florida Statutes, in effect at all applicable times involved, provides: "A mortgage shall be held to be a specific lien on the property therein described, and not a conveyance of the legal title or of the right of possession." A mortgage is a species of intangible property, creating a lien on the land, but is not an interest in the land. Waldock v. Iba, 114 Fla. 786, 153 So. 915 (1934). Because Florida is a lien theory state, the "assignment of a mortgage lien is not `a conveyance' or a `transfer' of `any interest' in land covered by the mortgage, but is only an assignment or transfer of the lien created by the mortgage". United of Florida, Inc. v. Illini Federal Savings and Loan Association, 341 So.2d 793, 794 (Fla. 2d DCA 1977) (quoting Garrett v. Fernauld, 63 Fla. 434, 57 So. 671, 672 (1912)).
As an assignee of a mortgage on real property cannot acquire an interest in real property, neither can an assignee of a mortgage on a leasehold of real property acquire an interest in the leasehold. Such a transfer therefore cannot be deemed to violate a non-assignable clause of the lease. "Since a mortgage in Florida is not a transfer of title to the leasehold, but merely a lien upon it, ... the voluntary action of a lessee in mortgaging the leasehold is not such a transfer as would violate a non-assignable provision." Great Southern Aircraft Corp. v. Kraus, 132 So.2d 608, 609-10 (Fla. 3d DCA 1961); accord Gould, Inc. v. Hydro-Ski International Corporation, 287 So.2d 115, 116 (Fla. 4th DCA 1974); see also 36 Fla.Jur.2d Mortgages § 22 (1982).
*468 The judgment below is in its entirety
AFFIRMED.[1]
JOANOS and BARFIELD, JJ., concur.
NOTES
[1] Appellee's right of possession of the leased premises under paragraph 15.b. of the lease, providing that the City has the right to approve the possession by any mortgagee, etc., upon default by the lessee, is not at issue on appeal, and we express no view as to that paragraph's applicability.