PER CURIAM.
This is an appeal by the counter-defendants David and Kathryn Lennard from a final judgment, entered upon an adverse jury verdict, awarding the counter-plaintiff Waterfront Properties and Other Select Investments, Inc. $8,500 in damages on a claim for tortious interference with contractual relations against the counter-defendant David Lennard and $12,750 in damages on a claim for breach of contract against both counter-defendants. We find no merit in this appeal save for the contention that the trial court erred in denying the counter-defendant David Lennard’s motion for directed verdict on the tortious interference claim.
We reach this result because utterly no evidence was introduced at trial to establish that the counter-defendant David Len-nard interfered with the contract between the original seller of the subject real estate and the counter-plaintiff in which the original seller promised to pay the counter-plaintiff a brokerage commission for the sale of said property to the counter-defendants. To the contrary, the uncontradicted evidence establishes that the original seller was unable to sell the property in question and thus pay a brokerage commission to the counter-plaintiff because he lost the realty in a mortgage foreclosure action due to no fault of the counter-defendant David Lennard. Moreover, we conclude that this issue has been properly preserved for appellate review. See Tamiami Trail Tours, *958 Inc. v. Cotton, 463 So.2d 1126, 1127 (Fla.1985); 6551 Collins Ave. Corp. v. Millen, 104 So.2d 337 (Fla.1958); Philpot v. Bouchelle, 411 So.2d 1341, 1342 (Fla. 1st DCA 1982).
We therefore affirm the final judgment under review on the breach of contract claim, and reverse the final judgment under review on the tortious interference claim.
Affirmed in part; reversed in part.