## PORTON v KOPF
Case No. 87-9949
Thirteenth Judicial Circuit, Hillsborough County
April 17, 1991

## OPINION OF THE COURT

GUY W. SPICOLA, Circuit Judge.

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court on Plaintiff, JAY P. POR-TON'S, Motion for Summary Judgment, heard on March 1, 1991. The court has reviewed its files, including the memoranda, affidavits, and depositions of the parties, has conducted its own research, and is otherwise fully advised in the premises.

### FACTS

Prior to June 12, 1978, Plaintiff ("PORTON") owned an undivided one-third interest in real property known as the Leah Villas Apartments ("LEAH VILLAS"). On this date, an unnamed third party exercised an option to purchase LEAH VILLAS and the property was sold with a mortgage returned payable in the sum of $677,000 at a rate

of $7,500 per month of which PORTON'S undivided one-third share represented $2,500 per month.

On February 7, 1985, PORTON executed a quitclaim deed conveying to Defendant, Paula Ann Kopf ("KOPF"), all right, title, interest, and claim of PORTON in the property known as LEAH VILLAS. PORTON claims that since a quitclaim deed only conveys any interest in the land which he may have had as of February 7, 1985, and since any interest he had in the land was transferred to a third party prior to February 7, 1985, KOPF received nothing by the quitclaim deed. KOPF, on the other hand, argues that it was the intent of the parties that the quitclaim deed transfer PORTON'S right to receive the proceeds under the LEAH VILLAS mortgage to KOPF. KOPF further argues that if the quitclaim deed is insufficient to convey PORTON'S right to receive payments under the LEAH VILLAS mortgage, it fails to accurately reflect the intention of the parties and therefore needs to be reformed in order to conform to the original intent of the parties.

In order to enter summary judgment, a court must find that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Deauville Operating Corp. v Town & Beach Plumbing Co.,* 123 So.2d 353 (Fla. 3d DCA 1960). For the reasons discussed below, this court finds that there is no genuine issue of material fact and that PORTON is entitled to judgment as a matter of law.

## DISCUSSION

The issue before the court is whether the execution of the quitclaim deed operates as an assignment of the mortgage. The leading case on this issue is *Hemphill v Nelson,* 95 Fla. 498, 166 So. 498 (Fla. 1928), wherein the court stated that "a conveyance by the mortgagee of all his right, title, and interest in the land passes nothing unless the debt be assigned . . . [A]n assignment of a mortgage to be effectual must either be formal, or it must appear from the instrument that it was intended to operate as such." *Id.* 95 Fla. at —, 166 So. at 500. *See also Jordan v Sayre,* 29 Fla. 100, 10 So. 823 (Fla. 1892) )"[A] conveyance by the [mortgagee] of the mortgaged property before foreclosure, or an attempted foreclosure, unless such conveyance contain a grant of the mortgage debt, or unless its terms are sufficient to carry this interest, and it was intended by the parties to have this effect, will be inoperative for this purpose.").

It is clear from these cases that in order for the quitclaim deed to operate as an assignment of the LEAH VILLAS mortgage, such an

**131**

intention of the parties must appear on the deed itself. Since the recitations of the quitclaim deed in this case contain no language of intent to assign or transfer the mortgage, the deed does not operate as an assignment of the LEAH VILLAS mortgage.

The only way for Kopf to receive the proceeds from the LEAH VILLAS mortgage under the quitclaim deed is for the mortgage to be considered an interest in property. However, because Florida is a lien theory state, a mortgage is intangible property, creating a lien on the land, but it is not an interest in the land itself. *City of Gainesville v Charter Leasing Corp.,* 483 So.2d 465 (Fla. 1st DCA 1986). A mortgagee does not have an estate or interest in mortgaged lands, but is merely an owner of a chose in action creating a lien on the property. *Shavers v Duval County,* 73 So.2d 684 (Fla. 1954). Therefore, since PORTON (mortgagee) does not have an interest in the mortgaged lands, but merely a lien on the property, the conveyance of all his "interest" in the LEAH VILLAS transfers nothing to KOPF.

Notwithstanding the court's determination that the quitclaim deed does not convey PORTON's right to receive payments under the LEAH VILLAS mortgage, KOPF requests the court to reform the quitclaim deed to reflect that contention. KOPF alleges that the true intent of the parties was for the quitclaim deed to convey PORTON'S right to receive the mortgage proceeds to her. KOPF argues that intent is the key element and therefore summary judgment is inappropriate. While the court recognizes that where the essential inquiry is concerned with one's intent, summary judgment should not be granted, *Owens v MacKenzie,* 103 So.2d 677 (Fla. 1st DCA 1958), the court finds an examination of the parties' intent in this case to be unnecessary.

The parol evidence rule serves to protect a valid, complete, and unambiguous written instrument from any verbal assault that would contradict, add to, subtract from, or effect its construction. *Sears v Talcott,* 174 So.2d 776 (Fla. 2d DCA 1965). All prior negotiations between the parties merge into the final written evidence of their agreement, *Carlon, Inc. v Southland Diversified Co.,* 381 So.2d 291 (Fla. 4th DCA 1980), and parol evidence cannot be introduced to vary the terms of the written instrument unless an ambiguity exists. *Quiring v Plackard,* 412 So.2d 415 (Fla. 3d DCA 1982). Therefore, extrinsic evidence is inadmissible to vary the terms of an ambiguous deed. *Myers v Francis,* 548 SO.2d 833 (Fla. 3d DCA 1989).

The court finds that the quitclaim deed at issue is unambiguous. Similar to every other quitclaim deed, PORTON merely conveyed all

his "right, title, interest, and claim" in the LEAH VILLAS to KOPF. Since PORTON had no right, title, interest or claim in the property at the time of his transfer to KOPF, KOPF received nothing. As previously stated in *Hemphill,* any intent to assign the mortgage to KOPF "must appear from the instrument." 166 So. at 500. Since there is no indication of an intent to assign the proceeds of the LEAH VILLAS mortgage to KOPF from the quitclaim deed itself, and since the deed is otherwise unambiguous, the court finds that extrinsic evidence should not be admitted.

KOPF cites several cases in her memorandum which allegedly permit an equity court to reform an instrument to express the true intent of the parties. Each case cited is clearly distinguishable. In *Jacobs v Parodi,* 50 Fla. 541, 39 So. 833 (Fla. 1905), the Florida Supreme Court allowed reformation of a deed because of an ambiguity regarding how much land the grantee was given for improvements. In *Nielson v Paneil,* 202 SO.2d 894 (Fla. 4th DCA 1967), the court allowed reformation of a deed where the description of the land did not correspond to the intent of the parties. Likewise, in *Roberts v Pfeiffer,* 135 So.2d 146 (Fla. 2d DCA 1961), and *Bevis Construction Co. v Grace,* 134 So.2d 516 (Fla. 1st DCA 1961), reformation of the deeds was allowed based upon a mutual mistake in describing the lands. In each of these cases, reformation was allowed either because of an ambiguity or because of a mistake in describing the lands to be conveyed. The present case involves neither an ambiguity nor a misdescription of land. Therefore, the court will not reform the quitclaim deed to allow an assignment of the LEAH VILLAS mortgage proceeds to KOPF.

Finally, KOPF argues that PORTON'S prior pleadings reflected an intention for the quitclaim deed to operate as an assignment of the mortgage. PORTON'S original complaint alleged that "prior to January, 1987, Plaintiff transferred to Defendant, Paula Ann Kopf a/k/a Paula Porton Kopf, all interest in the proceeds from the mortgage held by Plaintiff on the Leah Villa Property." PORTON'S amended complaint contained almost identical language. However, in PORTON's second amended complaint, PORTON abandons this position. PORTON now disputes that he transferred the proceeds from the mortgage to KOPF.

Even if this court were to consider the issue of intent, PORTON's original pleadings would not be dispositive. The filing of an amended complaint which does not refer to or adopt the original complaint constitutes an abandonment of the original complaint. *Babb v Lincoln Auto Finance Co.,* 133 So.2d 566 (Fla. 3d DCA 1961). An amended

pleading takes the place of a former pleading and stops all further use thereof as a pleading. *Watkins v Sims,* 81 Fla. 730, 88 So. 764 (Fla. 1921). Since PORTON's second amended complaint does not refer to or adopt the previously filed complaints, those previously filed complaints are abandoned. PORTON'S Motion for Summary Judgment is therefore based solely on the allegations contained in the second amended complaint.

## CONCLUSION

This court finds that there are no genuine issues of material fact and that PORTON is entitled to judgment as a matter of law. The quitclaim deed executed by PORTON on February 7, 1985 did not transfer PORTON'S interest in the proceeds of the LEAH VILLAS mortgage to KOPF. The deed is unambiguous and fails to evidence an intent by the parties to assign the proceeds of the mortgage. The court further finds that reformation of the deed is inappropriate.

For the foregoing reasons, it is hereby,

ORDERED AND ADJUDGED that the Plaintiff's Motion for Summary Judgment is GRANTED as to Count I of Plaintiff's Second Amended Complaint and Counts I and II of Defendant's Counterclaim. It is further ordered that PORTON is entitled to the proceeds of the LEAH VILLAS mortgage which have been deposited in the registry of the court pursuant to a related interpleader action pending in the Civil Division "I".

DONE AND ORDERED in Tampa, Hillsborough County, Florida this 17th day of April, 1991.